**ANHEUSER–BUSCH, INCORPORATED, a corporation, and Paul C. Guignon, Divisional Vice-President, Anheuser-Busch, Incorporated, Appellants,**

v.

**FEDERAL TRADE COMMISSION, Paul Rand Dixon, Chairman, Philip Elman, A. Everette MacIntyre, John R. Reilly, and Mary Gardiner Jones, Commissioners, J. W. Bollinger, Alan C. Schneeberger, Appellees.**

No. 18096.

United States Court of Appeals
Eighth Circuit.

Jan. 6, 1966.

Harold F. Baker, of Howrey, Simon, Baker & Murchison, Washington, D. C., Victor P. Kohl, Jr., Dwight D. Ingamells, St. Louis, Mo., for appellants.

Harvey L. Zuckman, Attorney, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Dept. of Justice, Alan S. Rosenthal, Attorney, Dept. of Justice, Washington, D. C., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for appellees.

Before VOGEL, Chief Judge, and BLACKMUN and GIBSON, Circuit Judges.

BLACKMUN, Circuit Judge.

Anheuser-Busch, Incorporated, and Paul C. Guignon, its divisional vice-president, seek declaratory and injunctive relief against the Federal Trade Commission, its members, and two of its attorney-employees. The district court dismissed the complaint. Anheuser-Busch, Inc. v. FTC, 242 F.Supp. 122 (E.D.Mo. 1965). The plaintiffs appeal.

Anheuser-Busch manufactures yeast. It and other yeast producers are under investigation by the Commission. The inquiry is directed, among other things, to possible violations of § 2(a), (d) and (e) of the Clayton Act, as amended, 15 U.S.C. § 13(a), (d) and (e), and of § 5(a) (1) of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45(a) (1).

The Commission propounded to Anheuser-Busch a questionnaire with almost 100 questions and demands for access. The company, according to the Commission's brief, "complied generally with this request". It refused, however, to answer a question which called for data as to yeast production costs and profits for 1958 through 1963. The Commission then served Mr. Guignon with its subpoena requiring him to appear at a hearing to be conducted before a commission attorney, to bring with him specified company books and documents relating to the requested cost and profit data, and to testify. Guignon thereupon filed with the Commission a motion to quash the subpoena and for an order allowing Anheuser-Busch to file, in camera, an affidavit concerning the nature of its cost data and the adverse effect disclosure would have upon the company. This motion was denied by the Commission.

The present action was then instituted. The plaintiffs base their case on the grounds that (a) the Commission's rules for investigatory hearings (particularly the former Rule 1.40 of the Commission's Procedures and Rules of Practice, now Rule 1.36(b), 16 C.F.R. § 1.36(b)) deny Guignon the right to full representation by counsel permitted by § 6(a) of the Administrative Procedure Act, 5 U.S.C. § 1005(a); (b) compliance with the demand for cost information would seriously imperil Anheuser-Busch's competitive position because the data constitutes trade secrets; (c) cost has no relevancy with respect to any phase of the investigation; (d) if Guignon refuses to testify or produce the demanded documents, he and Anheuser-Busch will be subject to

criminal prosecution under § 10 of the Federal Trade Commission Act, 15 U.S.C. § 50,[1] and under the Commission's rules (former Rule 1.39, now Rule 1.40, 16 C.F.R. § 1.40); and (e) Anheuser-Busch's reputation with its customers would be damaged. As indicated above, both declaratory and injunctive relief were requested.

The Commission filed a motion to dismiss or, in the alternative, for summary judgment. The district court's judgment of dismissal was for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. The court, however, stayed further administrative proceedings pending final determination of this appeal.

We hold that this case is controlled by Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); that the plaintiffs have an adequate remedy at law; and that the complaint was subject to dismissal for want of equity.

The petitioners in *Reisman* were attorneys for taxpayers who were under investigation by the Internal Revenue Service. The Commissioner of Internal Revenue, pursuant to § 7602 of the Internal Revenue Code of 1954, had issued summonses to accountants, whom the attorneys had employed, directing the production of working papers in the accountants' possession. Asserting that such enforced production would be an unlawful appropriation of a work product and an unreasonable seizure requiring self-incrimination and the deprival of the effective assistance of counsel, the petitioner-attorneys sought, just as in the case now before us, both declaratory and injunctive relief.

The Supreme Court noted, p. 444, 84 S. Ct. p. 511:

"The case reaches us at a stage when the only affirmative action taken by the Commissioner is the issuance of the summonses for the accountants to appear before a hearing officer, i. e., a special agent of the Internal Revenue Service, to testify and produce records."

The Court held that a witness or any interested party may attack the summons before the hearing officer. It noted that if the officer rejects the challenge to the summons, and the witness still refuses to testify or produce, the examiner has no power to enforce compliance or to impose sanctions, and that if the Secretary wishes to enforce the summons he must then proceed under § 7402(b) of the 1954 Code. That section grants the district courts jurisdiction to compel attendance, testimony or production. The Court said, p. 446, 84 S.Ct. p. 512:

"Any enforcement action under this section would be an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witness. In such a proceeding only a refusal to comply with an order of the district judge subjects the witness to contempt proceedings."

It recognized that a person who "neglects to appear or produce" may be prosecuted under § 7210 of the Code and subjected to fine and imprisonment but held that that statute does not apply "where the witness appears and interposes good faith challenges to the summons" and that it prescribes punishment only where the witness neglects either to appear or produce. Section 7604(b) was similarly construed "to cover only a default or contumacious refusal to honor a summons before a hearing officer". The Court said, p. 449, 84 S.Ct. p. 513:

"Furthermore, we hold that in any of these procedures before either the

---

1. "Any person who shall neglect or refuse to attend and testify, or to answer any lawful inquiry or to produce documentary evidence, if in his power to do so, in obedience to the subpoena or lawful requirement of the commission, shall be guilty of an offense and upon conviction thereof by a court of competent jurisdiction shall be punished by a fine of not less than $1,000 nor more than $5,000, or by imprisonment for not more than one year, or by both such fine and imprisonment."

district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. * * * It follows that with a stay order a witness would suffer no injury while testing the summons."

See United States v. Powell, 379 U.S. 48, 51–52, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and FCC v. Schreiber, 381 U.S. 279, 296, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965).

Here, as in *Reisman*, the petitioners sought both declaratory and injunctive relief. Here, as there, no claim is made that the subpoena statute, 15 U.S.C. § 49, suffers any constitutional infirmity on its face. Certainly here, as there, the witness (Mr. Guignon) and the corporate plaintiff (Anheuser-Busch) may attack the summons before the hearing officer. Here again, as under the Internal Revenue Code, the hearing officer has no statutory power to enforce compliance or to impose sanctions. Instead, in order to enforce the summons, the Commission must seek the assistance of a court.[2]

It is this resort to the federal court which, as the Supreme Court in *Reisman*, p. 446 of 375 U.S., p. 512 of 84 S.Ct., characterized the corresponding provisions of the Internal Revenue Code, is the "adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witness". It is there, and not before the Commission's examiner, where noncontumacious refusal to comply could subject the witness to contempt proceedings. In this connection, we regard § 10 of the Federal Trade Commission Act, 15 U.S.C. § 50, quoted above, as a statute which parallels § 7210 of the 1954 Internal Revenue Code and which does not authorize criminal prosecution where the challenge to the subpoena is in good faith.

We therefore view these corresponding provisions of the Federal Trade Commission Act and of the Internal Revenue Code of 1954 as *in pari materia*. See Handler, Recent Antitrust Developments—1964, 63 Mich.L.Rev. 59, 90–92 (1964).

We emphasize that there is nothing in the record, as presently compiled before us, which carries any implication of bad faith or contumacy. Any issue as to good faith in the plaintiffs' refusal is, of course, a matter which will be determined in an enforcement proceeding.

The Commission has urged the controlling effect of *Reisman* and the result we reach here. At oral argument the plaintiffs indicated that they, too, would be content with this result but were concerned as to whether *Reisman* was indeed a protecting precedent and whether the district court's decision here could be interpreted as so holding. We have no hesitancy in concluding and flatly holding, as a matter of law, that *Reisman* is controlling and that plaintiffs have available to them an adequate remedy at law if and when the Commission seeks judicial assistance to enforce its subpoena.

We might add that we find nothing in FTC v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978 (1927), or St. Regis Paper Co. v. United States, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), which is at odds with this result. We feel, instead, that these cases support our conclusion here. In *Claire*, the Court, p. 174, 47 S.Ct. 553, refused injunctive relief against the Commission

2. Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, specifically provides:

"And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof."

because of the existence of an adequate remedy in the opportunity to present objections in any enforcement proceeding. *St. Regis* concerned what the Court described, p. 224, 82 S.Ct. 289, as defiance and it refused to give weight to a due process argument based on the premise that Commission orders were not reviewable except at the risk of paying daily forfeitures.

The district court's judgment dismissing the complaint is affirmed.