BLUE RIBBON QUALITY MEATS, INC., Blue Ribbon Quality Meats, Inc., and James Flanary, Plaintiffs,

v.

FEDERAL TRADE COMMISSION, and Lewis A. Engman, Chairman, and Paul Rand Dixon, Mayo J., Thompson, M. Elizabeth Hanford, and Stephen Nye, Commissioners, and F. Kelly Smith, Defendants.

Civ. A. No. 75CV356-W-4-3.

United States District Court, W. D. Missouri, W. D.

Sept. 9, 1976.

Clayton A. Chittim, Jr., Kansas City, Mo., for plaintiff.

Mary A. Schneider, Asst. U. S. Atty., Kansas City, Mo., Robert J. Lewis, Gen. Counsel, Gerald Harwood, W. Baldwin Ogden, Asst. Gen. Counsels, F. T. C., Washington, D. C., for defendants.

### FINAL JUDGMENT DISMISSING ACTION WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

This is an action for declaratory and injunctive relief against enforcement by the Federal Trade Commission (hereinafter "FTC") of investigative subpoenas issued to plaintiffs by the FTC. Defendants have moved to dismiss the complaint or, in the alternative, for summary judgment. Because plaintiffs have an adequate remedy at law, the action will be dismissed without prejudice.

### I. *Uncontroverted Facts.*

The following facts are uncontroverted.

On January 30, 1974, the FTC began an investigation of Falcon Enterprises, Inc., and others pursuant to a resolution dated January 30, 1974, Docket No. 742–3080. The resolution stated that the purpose of the investigation was

> "[t]o determine whether or not Falcon Enterprises, Inc., Patrick Faltico, and others may be engaged in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act [Section 45, Title 15, United States Code], including fictitious pricing, false and misleading advertising and deceptive selling practices, in connection with the sale of meats and other related products in various states of the United States."

The FTC directed that "any and all compulsory processes available to it be used in connection with this litigation."

By a subpoena dated September 11, 1974, the FTC directed plaintiff James L. Flanary, the chief executive officer of plaintiffs Blue Ribbon Quality Meats, Inc. (Missouri corporation), and Blue Ribbon Quality Meats, Inc. (Kansas corporation), to appear on October 30, 1974, before F. Kelly Smith and Robert D. Hill, attorneys for the FTC, in connection with the investigation. The subpoena also directed Flanary to produce specified documentary evidence.

Thereafter, plaintiffs filed a motion with the FTC to quash the subpoena, or in the alternative to limit the scope of the subpoena *duces tecum.* On April 14, 1975, the FTC denied plaintiffs' motion and directed plaintiff Flanary to comply with the subpoena on April 25, 1975. The hearing was subsequently rescheduled for May 9, 1975.

On May 5, 1975, plaintiffs filed a motion with the FTC entitled "Motion Challenging Commission's Authority to Conduct Investigation of James Flanary and Blue Ribbon Quality Meats." In the motion, plaintiffs contended that the FTC was without jurisdiction to conduct the investigation of

plaintiffs, and requested that the hearing scheduled for May 9, 1975, be stayed and the subpoena *duces tecum* be quashed.

Plaintiffs sought a continuance of the May 9, 1975, hearing from FTC Attorney F. Kelly Smith until the FTC ruled on its May 5, 1975, motion. The motion for a continuance was orally denied by Smith on the grounds that the FTC had jurisdiction over plaintiffs and the materials sought were proper, relevant, and within the scope of the investigation.

After plaintiff's counsel was informed that plaintiffs' May 5, 1975, motion had been denied, this action was filed.

Plaintiffs seek a declaratory judgment that they are beyond the jurisdiction of the FTC because the business of both the Missouri and Kansas corporations is purely intrastate; that even if the businesses are engaged in interstate commerce, they are "packers" subject to the Packers and Stockyards Act of 1921 and are therefore exempt from FTC jurisdiction under Section 45(a)(6), Title 15, United States Code; and finally that the subpoenas seek materials which are irrelevant and outside the scope of the investigation, are oppressive and burdensome, seek confidential and privileged information, and violate the Fourth and Fifth Amendments to the Constitution of the United States. They contend that they will be irreparably injured unless a declaratory judgment is entered declaring the sub-poenas to be invalid and an injunction is issued enjoining the FTC from further proceedings against plaintiffs in FTC Investigation No. 742–3080.

## II. *Adequate Remedy at Law.*

The FTC is given power to issue investigatory subpoenas by Section 9 of the Federal Trade Commission Act (hereinafter "Act"), Section 49, Title 15, United States Code.[1] Section 10 of the Act, Section 50, Title 15, United States Code, provides in pertinent part that:

"Any person who shall neglect or refuse to attend and testify, or to answer any lawful inquiry or to produce documentary evidence, if in his power to do so, in obedience to the subpoena or lawful requirement of the Commission, shall be guilty of an offense and upon conviction thereof by a court of competent jurisdiction shall be punished by a fine of not less than $1,000 nor more than $5,000, or by imprisonment for not more than one year, or by both such fine and imprisonment."

An investigatory subpoena is not self-enforcing. Under Section 9 of the Act, Section 49, Title 15, United States Code, the FTC must seek an order from the federal district court enforcing the subpoena. Refusal to obey a court order directing compliance with the subpoena may be punished as a contempt.[2]

---

1. Section 9 of the Act, Section 49, Title 15, United States Code, provides in pertinent part:

"For the purposes of sections 41 to 46 and 47 to 58 of this title the Commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the Commission may sign subpoenas, and members and examiners of the Commission may administer oaths and affirmations, examine witnesses, and receive evidence.

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing."

2. Section 9 of the Act, Section 49, Title 15, United States Code, provides in pertinent part:

" . . . And in case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the Commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof."

■ In the enforcement proceeding, the party subpoenaed can litigate issues concerning (1) whether the inquiry is one the agency is authorized by law to make; (2) whether the materials sought are reasonably relevant to the inquiry; and (3) whether the disclosures sought are "reasonable," i. e. not too broad, indefinite, or unduly burdensome. *See: United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Morton Salt,* 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946).[3] In the absence of exceptional circumstances[4] other issues, such as the coverage of the regulatory statute and the jurisdiction of the agency over the party subpoenaed,[5] cannot be raised prior to completion of the administrative proceedings. A judicial determination of these issues will be made after the proceedings have been completed in an appeal to the court of appeals under Section 5(c) of the Act, Section 45(c), Title 15, United States Code, from any adverse action taken by the FTC.

In *Anheuser-Busch, Inc. v. Federal Trade Commission,* 359 F.2d 487 (8th Cir. 1966), the United States Court of Appeals for the Eighth Circuit held that a federal district court is precluded from granting declaratory and injunctive relief against an FTC investigatory questionnaire which, the subpoenaed party claimed, sought trade secrets and information not relevant to the FTC investigation. The Court concluded that the opportunity to raise such claims in an enforcement proceeding provides an adequate remedy at law, and further that the criminal penalties for neglect or refusal to respond to a subpoena under Section 10 do not attach when the party subpoenaed challenges the validity of the subpoena in good faith. *See also: Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). *See generally*: Director, "Jurisdiction of Federal District Court to Entertain Attacks on Federal Trade Commission's Actions," 16 A.L.R.Fed. 361, 412 (1973).

■ The decision in *Anheuser-Busch, Inc. v. Federal Trade Commission, supra,* clearly precludes consideration of plaintiff's claims concerning the relevance of the information requested in the subpoenas to the FTC investigation, the burden imposed by the subpoenas, the requests for allegedly confidential and privileged matters, and the claims that the subpoenas violate the Fourth and Fifth Amendments. These claims can be raised in defense of an action to enforce the subpoenas.

Plaintiffs contend that because they cannot raise the issue whether they are subject

**3.** *See also: E. E. O. C. v. Quick Shop Markets, Inc.,* 526 F.2d 802 (8th Cir. 1975); *Federal Maritime Commission v. Port of Seattle,* 521 F.2d 431 (9th Cir. 1975); *F. T. C. v. Texaco, Inc.,* 170 U.S.App.D.C. 323, 517 F.2d 137 (1975); *S. E. C. v. Brigadoon Scotch Distributing Co.,* 480 F.2d 1047 (2nd Cir. 1973); *Genuine Parts Company v. F. T. C.,* 445 F.2d 1382 (5th Cir. 1971); *Adams v. F. T. C.,* 296 F.2d 861 (8th Cir. 1961); *Comet Electronics, Inc. v. United States,* 381 F.Supp. 1233 (W.D.Mo.1974), *affirmed,* 420 U.S. 999, 95 S.Ct. 1439, 1440, 43 L.Ed.2d 758 (1975); 1 Davis, *Administrative Law Treatise,* Section 3.2 (1958 ed.); Director "Procedural Requirements For Judicial Enforcement of Subpoenas Issued by Federal Trade Commission Under § 9 of Federal Trade Commission Act (15 U.S.C. § 49), 7 A.L.R.Fed. 347 (1971).

**4.** Three exceptions have been recognized to the general rule that administrative remedies must be exhausted before review of other issues can be obtained: (1) when the agency has acted in excess of its delegated powers or contrary to a specific statutory mandate, *Leedom v. Kyne,*

358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); (2) when the proceedings involve questions of high national interest because of their international complexion, *McCulloch v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); and (3) when the agency has clearly violated the constitutional rights of the party seeking injunctive relief against the agency proceedings, *Fay v. Douds,* 172 F.2d 720 (2nd Cir. 1949). *See generally: American General Insurance Co. v. F. T. C.,* 496 F.2d 197 (5th Cir. 1974); *Seven-Up Company v. F. T. C.,* 478 F.2d 755 (8th Cir. 1973); *Coca-Cola Company v. F. T. C.,* 475 F.2d 299 (5th Cir. 1973).

**5.** *See, e. g.: Oklahoma Press Publishing Co. v. Walling, supra; Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *F. T. C. v. Gibson,* 460 F.2d 605 (5th Cir. 1972).

to the jurisdiction of the FTC in an enforcement proceeding, that remedy is inadequate. They assert that to require them to wait until completion of the administrative proceedings to raise the defense that their business is purely intrastate, and thus beyond the power of the FTC,

". . . would give defendants the right to subject even the smallest and most remote intrastate business to the full burden and harm of the FTC's almost limitless investigatory processes without any hope of legal protection herefrom (sic) until *after* defendants are through with all of their investigations and proceedings, and *after* they have harmed plaintiffs. Plaintiffs' Suggestions In Opposition To Defendants' Motion To Dismiss and Suggestions In Support Thereof, at 3."

The Supreme Court, however, has repeatedly held that the question whether a party falls within the coverage of a statute must be determined in the first instance by the agency responsible for administering the statute. See cases cited note 5, *supra*. These cases implicitly hold that the opportunity for review following completion of the agency proceedings constitutes an adequate remedy at law for jurisdictional claims such as those made by plaintiffs. Compliance with the subpoena and the administrative proceeding to determine whether plaintiffs are subject to FTC jurisdiction may impose some burden upon plaintiffs. Nevertheless,

". . . the rule requiring exhaustion of administrative remedies cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51–52, 58 S.Ct. 459, 464, 82 L.Ed. 638, 644–645.

Because it is concluded that plaintiffs have an adequate remedy at law, the requests for declaratory and injunctive relief will be denied without prejudice to the merits of plaintiffs' factual and legal contentions concerning the validity of the subpoena.

For the foregoing reasons, it is therefore

ADJUDGED that the above-entitled action be, and it is hereby, dismissed without prejudice to plaintiffs' factual and legal contentions concerning the validity of the subpoena.