**FEDERAL TRADE COMMISSION,
Petitioner, Appellee,**

v.

**Kenneth C. SWANSON et al.,
Respondents, Appellants.**

No. 77–1080.

United States Court of Appeals,
First Circuit.

Heard May 3, 1977.

Decided June 9, 1977.

Howard S. Boros, Washington, D. C., with whom Boros & Garofalo, P. C., Washington, D. C., was on brief, for respondents, appellants.

William A. Horne, Atty., Washington, D. C., with whom Gerald P. Norton, Acting Gen. Counsel, and Jerold D. Cummins, Acting Asst. Gen. Counsel, Washington, D. C., were on brief, for petitioner, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and DOOLING,* District Judge.

PER CURIAM.

In 1976, the Federal Trade Commission began an investigation of the package tour industry. The Commission issued subpoenas to many tour operators, including appellants. Appellants refused to comply, claiming that they were indirect air carriers and thus subject to the exclusive jurisdiction of the Civil Aeronautics Board. Acting under 15 U.S.C. § 49, the Commission sought enforcement of its subpoenas in federal district court. The court granted enforcement, and we affirm.

The Commission's investigative powers derive primarily from 15 U.S.C. §§ 46(a) & (b). These powers have express limits: with some exceptions, *id.* § 46(h), the Commission may not investigate, or require reports from, "banks and common carriers subject to" the Interstate Commerce Act. *Id.* §§ 46(a) & (b). Appellants do not claim that anything in § 46 immunizes them from the Commission's subpoenas. Instead, they point to § 45, which defines the Commission's regulatory powers and contains more exceptions than § 46. In particular, it withholds from the Commission any power to prevent unfair competition or deceptive practices by "air carriers and foreign air carriers subject to the Federal Aviation Act of 1958". *Id.* § 45(a)(6). Appellants claim that they are air carriers because they undertake "indirectly . . . to engage in air transportation." 49 U.S.C. § 1301(3).

Appellants would have us read the air carrier exemption of § 45 into § 46. We decline to do so. The legislative history cited by appellants is not compelling, and in any event we see no need to resort to it. The language of § 46 is plain, and appellants do not convince us that the inconsist-

* Of the Eastern District of New York, sitting by designation.

encies between sections 45 and 46 create an unworkable regulatory scheme. *Barry v. St. Paul Fire & Marine Ins. Co.,* 555 F.2d 3 at 7 (1st Cir. 1977).

Appellants note, however, that the Commission's purpose in this investigation is to determine whether tour operators and others have engaged in unfair competition or deceptive practices in violation of the Federal Trade Commission Act. Because § 45 deprives the Commission of power to enforce this Act against them, they believe, the investigation must be halted. The Commission counters by claiming that appellants are not in fact indirect air carriers and thus that they may be regulated by the Commission. This is not, however, the sort of dispute that ought to be settled in a subpoena enforcement proceeding. An agency's investigations should not be bogged down by premature challenges to its regulatory jurisdiction. *See, e. g., FTC v. Crafts,* 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23 (1957); *Oklahoma Press Pub. Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943). These subpoenas do not fit within the narrow exception proscribing agency investigations that wander unconscionably far afield; the Commission's regulatory jurisdiction over appellants may be clouded but it is not plainly spurious. *See SEC v. Howatt,* 525 F.2d 226 (1st Cir. 1975); *Oklahoma Press, supra,* 327 U.S. at 213, 66 S.Ct. at 508 (investigation may go forward unless "irrelevant to any lawful purpose or . . . unauthorized by law"); *Endicott Johnson, supra,* 317 U.S. at 509, 63 S.Ct. at 343 (evidence may be gathered unless "plainly incompetent or irrelevant to any lawful purpose" of agency).

*Affirmed.*