**BLUE RIBBON QUALITY MEATS, INC., et al., Appellants,**

v.

**FEDERAL TRADE COMMISSION et al., Appellees.**

No. 76–2054.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1977.

Decided July 21, 1977.

Patrick R. Faltico, Kansas City, Mo., for appellants; Robert A. Simons, Kansas City, Mo., on brief.

James A. Calderwood, Consumer Affairs Section, Antitrust Div., U. S. Dept. of Justice, Washington, D. C., for appellees.

Before MATTHES, Senior Circuit Judge, BRIGHT, Circuit Judge, and MILLER, Judge.*

MATTHES, Senior Circuit Judge.

Appellants brought an action in the United States District Court for the Western District of Missouri seeking a declaratory judgment that they were beyond the jurisdiction of the Federal Trade Commission and asking the district court to enjoin the enforcement of investigative subpoenas is-

sued to appellants by the FTC. Upon due consideration of the contentions of the parties, the district court (Senior District Judge William H. Becker) filed an opinion reported at 434 F.Supp. 159 (W.D.Mo.1976), and for reasons enunciated therein dismissed the action without prejudice, finding that appellants had an adequate remedy at law. This appeal followed. We affirm.

A brief summary of the pertinent facts will lend support to an understanding of the issues on appeal. On January 30, 1974, the FTC began an investigation of Falcon Enterprises, Inc., and others (not including appellants) to determine whether or not they were engaged in unfair or deceptive practices in violation of the FTC Act. On September 11, 1974, the FTC issued a subpoena directing James L. Flanary, chief executive officer of Blue Ribbon Quality Meats, Inc. (Missouri corporation) and Blue Ribbon Quality Meats, Inc. (Kansas corporation) to appear and produce specified documents. On April 14, 1975, the FTC denied a motion by appellants to quash the subpoena or limit the scope of the subpoena duces tecum. On May 5, 1975, appellants filed a motion with the FTC challenging the Commission's authority to conduct an investigation of Flanary and Blue Ribbon. This motion was also denied.

Appellants then sought from the district court a declaratory judgment that they are beyond the jurisdiction of the FTC. They alleged that their business was purely intrastate, that they were exempted from FTC jurisdiction as "packers" under the Packers & Stockyards Act, 7 U.S.C. § 181, et seq., and that the subpoena's request for materials was over-broad, burdensome, sought privileged information, and was unconstitutional. Appellants asked the district court to enjoin the FTC from further proceedings against them, arguing that irreparable injury would result otherwise.

We note at the outset the difference between the FTC's *investigatory* power un-

* The Honorable Jack R. Miller, Judge, U. S. Court of Customs and Patent Appeals, sitting by designation.

der 15 U.S.C. § 46 and its *regulatory* power under 15 U.S.C. § 45. Section 46 exempts only banks and common carriers subject to the Interstate Commerce Act. No specific exemption is conferred on packers, nor is reference made to the Packers & Stockyards Act. The exemptions set forth in § 45 are considerably broader in scope and specifically include "persons, partnerships, or corporations insofar as they are subject to the Packers & Stockyards Act . . . except as provided in section 406(b) of said Act . . . ."[1] Thus, it is clear that the investigatory power granted the FTC under 15 U.S.C. § 46 reaches further than the regulatory power granted it under 15 U.S.C. § 45. This fact should not be surprising. Moreover, our reading of the two statutory provisions comports with that of the First Circuit in *Federal Trade Commission v. Swanson*, 560 F.2d 1 [filed June 9, 1977] (1st Cir. 1977). Like the present case, *Swanson* involved a challenge to an FTC investigation by a party which did not possess a clear exemption from FTC investigation under 15 U.S.C. § 46. There, the court refused to read a § 45 exemption into § 46. "The language of § 46 is plain, and appellants do not convince us that the inconsistencies between sections 45 and 46 create an unworkable regulatory scheme." *Federal Trade Commission v. Swanson, supra* at 1–2.

▮ In reaching its conclusion that appellants had an adequate remedy at law, the district court noted that in order to compel obedience the FTC must seek an order from a federal district court enforcing its subpoenas. 15 U.S.C. § 49. The district court reasoned that appellants could raise the alleged over-breadth and undue burden of an FTC subpoena in the subpoena enforcement proceeding. *See Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1974); *Anheuser-Busch, Inc. v. Federal Trade Commission,* 359 F.2d 487 (8th Cir. 1966). With respect to appellants' challenge to FTC jurisdiction over them, the district court stated that adequate remedy at law existed in the opportunity for judicial review following completion of an agency proceeding. The district court noted that the question of jurisdiction must be determined in the first instance by the agency itself. *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

Our review of the record discloses no abuse of discretion in the district court's dismissal of appellants' action for declaratory judgment and injunctive relief. Appellants' charges that the subpoenas are overbroad, unduly burdensome, or unconstitutional clearly may be litigated in the enforcement proceedings for those subpoenas. As to appellants' argument based on lack of FTC jurisdiction, we need not decide whether that challenge, too, may be raised in the enforcement proceedings,[2] or whether ap-

---

1. Section 45 states in part:

    (a)(2) The Commission is empowered and directed to prevent persons, partnerships, or corporations, except banks, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to the Federal Aviation Act of 1958, and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended, except as provided in section 406(b) of said Act, from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.
    Section 46 states in part:
    The Commission shall also have power—
        (a) To gather and compile information concerning, and to investigate from time to time the organization, business, conduct, prac-

tices, and management of any person, partnership, or corporation engaged in or whose business affects commerce, excepting banks and common carriers subject to the Act to regulate commerce, and its relation to other persons, partnerships, and corporations.

2. In *Federal Trade Commission v. Miller,* 549 F.2d 452 (7th Cir. 1977), it was held that a common carrier could assert its statutory exemption from FTC regulation and investigation in a subpoena enforcement proceeding. But compare the *Miller* case to the recent decision in *Federal Trade Commission v. Swanson, supra.* There, the First Circuit held that a subpoenaed party could not litigate its asserted exemption from FTC jurisdiction in the subpoena enforcement proceeding. "An agency's investigations should not be bogged down by premature challenges to its regulatory jurisdic-

pellants must refrain from challenging FTC jurisdiction until, if ever, a cease and desist order is issued against them. *See Seven-Up Company v. Federal Trade Commission,* 478 F.2d 755 (8th Cir.), *cert. denied,* 414 U.S. 1013, 94 S.Ct. 379, 38 L.Ed.2d 251 (1973). We need only conclude that the district court did not err in holding that appellants do have an adequate remedy at law. Finding as we do that the district court properly disposed of the case, we affirm for the foregoing reasons and on the basis of the district court's opinion.

tion." (citations omitted). *Federal Trade Commission v. Swanson, supra* at ———. In *Swanson* the court did recognize a "narrow

exception proscribing agency *investigations* that wander unconscionably far afield . . ." *Id.* (emphasis added).