**RED RIVER TRANSPORT AND DEVELOPMENT, CO., INC., d/b/a Air Freight Express, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**No. 80–1197.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 20, 1980.

Decided Aug. 27, 1980.

Wayne Aarestad, Fargo, N. D., for petitioner.

Alice Daniel, Asst. Atty. Gen., William Kanter and Mark H. Gallant, Attys., Civil Division, Dept. of Justice, Washington, D. C., for respondent.

Before BRIGHT, STEPHENSON, and ARNOLD, Circuit Judges.

PER CURIAM.

Petitioner, Red River Transport and Development Co., Inc., d/b/a Air Freight Express (Red River) appeals from what it alleges is a final order of the Federal Aviation Administration (FAA) directing Red

*See, e.g., Guenther v. Morehead, supra,* 272 F.Supp. at 726; *McClure v. E. A. Blackshere Co., supra,* 231 F.Supp. at 680–82.

River to comply with regulations regarding ice protection equipment on its planes. The FAA seeks dismissal for lack of jurisdiction because there has been no final order issued by the FAA as required by 49 U.S.C. § 1486(a). We agree and dismiss the petition for lack of jurisdiction.

In February 1980, Red River and two of its pilots received written and oral communications from an FAA inspector concerning instrument (IFR) flights conducted by Red River on January 10 and 24, 1980. Red River argued this was an order requiring it to cease and desist operations into "known forecast light or moderate icing conditions" or face prosecution. On March 13, 1980, to avoid the alleged ongoing substantial economic loss as a result of the directive, Red River sought review in this court of the FAA order and a stay pending review. The FAA opposed the stay, and contended that the letters were not an appealable FAA order and on this basis sought dismissal for lack of jurisdiction. This court denied the stay and expedited the appeal, stating the issue of jurisdiction as well as the merits would be considered. *Red River Transport & Development Co. v. FAA*, No. 80-1197 (8th Cir., May 9, 1980) (order).

Red River is in the air freight business, and had equipped its aircraft with deicing equipment pursuant to 14 C.F.R. § 135.227. Then, in January and February 1980, petitioner received letters and oral communications from the Principal Operations Inspector, General Aviation District Office 14, Minneapolis, Minnesota (Inspector). The letter to Red River, which was substantially similar to those sent to its pilots, stated:

> We are investigating incidents occurring on January 10, 1980 involving the operation of Cessna 207, N1728U, on an IFR flight from Minneapolis, Minnesota to Fargo, North Dakota; and on January 24, 1980, which involved the operation of Cessna N1597U, on an IFR flight from Milwaukee, Wisconsin to Minneapolis, Minnesota.
>
> Our reports indicate the above aircraft were operated by you when these flights were conducted in icing conditions and when these flights were conducted under Part 135 of the Federal Aviation Regulations.
>
> It appears the above flights were conducted contrary to the following Sections of Part 135 of the Federal Aviation Regulations including Section 135.3(a) which states that each person operating an aircraft in operations under this part shall while operating inside the United States, comply with the applicable rules of this chapter. Section 135.227(b)(1) states except for an airplane that has ice protection provisions that meet Paragraph 34 of Appendix A, or transport category, no pilot may fly under IFR into known or forecast light or moderate icing conditions.
>
> Section 135.227(c) states, except for an airplane that has ice protection provisions that meet Paragraph 34 of Appendix A, or transport category, no pilot may fly an aircraft into known or forecast severe icing conditions.
>
> The aircraft used in the above operation have two STC's containing a limitation which prohibits the aircraft from flying into known icing conditions. In that the aircraft were flown into known icing conditions these flights were contrary to FAR 91.31, which states no person may operate a civil aircraft without compliance with the operating limitations for that aircraft prescribed by the certificating authority.
>
> Operation of the above aircraft contrary to the aforementioned FARs and limitations placed on the aircraft may have endangered the life and property of others contrary to FAR 91.9.
>
> If the facts as stated are correct, it appears that there may have been a violation of the above cited Federal Aviation Regulations. We would appreciate receiving any evidence or statements you might care to make regarding this matter within 5 days of receipt of this letter. Any discussion or written statements furnished by you will be given consideration in our investigation.

Should this investigation substantiate that a violation did or did not occur, you will be informed accordingly.

The specific conflict over the interpretation of the regulation concerning flights into forecast light or moderate icing conditions, 14 C.F.R. § 135.227; § 135, App. A No. 34; arises out of 43 Fed.Reg. 40,772 (1978):

Many commenters object to prohibiting IFR [instrument] flights into known or forecast light or moderate icing conditions with present deicing or anti-icing equipment that is not certificated under part 23. * * *

Based on these comments and after further deliberation, the FAA concludes the proposed rule is unworkable, without major changes. Because of their magnitude, the proposed rule is withdrawn at this time and current § 135.85 is adopted as § 135.229. The reference to SFAR No. 23 in §§ 135.227(b) and (c) is changed to the identical provision in section 34 of appendix A.

Thus Red River contends it relied upon this information to the extent that Red River believed that IFR flights into known or forecast light or moderate icing conditions by aircrafts with functional deicing or anti-icing equipment not certified under Part 23 (presently the same as section 34 of Appendix A) were approved.

Red River contends that the current letter and interpretation of the Inspector constitutes a complete reversal in the construction of 14 C.F.R. § 135.227 and seeks review of this interpretation. Red River argues jurisdiction in this court exists because the letter is a final order. It bases its argument on the following contention: The Inspector's letter has had a "final effect" upon Red River, Red River has sustained substantial hardship, and the question involved is a purely legal one, *i. e.*, the construction of 14 C.F.R. § 135.227. Thus Red River argues that the two-fold jurisdictional analysis of *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967) is satisfied. "The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.*

Red River concludes the issue is ripe because "the FAA has interpreted their regulation wrongly and further administrative action would be fruitless as this matter has come down to a purely legal question which is fit for this Court."

We conclude there is no appealable order under 49 U.S.C. § 1486(a). Because there has been no final interpretation of the order issued by the FAA concerning this question, we lack jurisdiction to rule on the merits— that is, to decide whether Red River's interpretation is the proper one.

The letter in question is clearly not a final order as required by 49 U.S.C. § 1486(a). The tentative nature of the letter is clear on its face. The letter begins, "we are investigating incidents * * *" and states, "Our reports indicate * * *." The letter continues, "It appears the above flights were conducted * * *" and concludes, "If the facts as stated are correct, it appears that there may have been a violation" and then invites the submission of evidence or statements for "consideration in our investigation." Under 14 C.F.R. § 13.-19, this is only the first step toward adverse action by the Administrator in a "certificate action." The report is forwarded to the FAA Regional Counsel, who advises the certificate holder of charges against it, and allows for response. 14 C.F.R. § 13.19(c). Even the order of the Regional Counsel may be appealed as of right to the National Transportation Safety Board. 14 C.F.R. § 13.19(d). 49 U.S.C. § 1486(a) gives this court the jurisdiction to hear an appeal from "[a]ny order, affirmative or negative, issued by the Board or Administrator under this chapter * * *."

In the instant case, Red River attempts to appeal from the original letter from the Inspector. There has been no order from the Board or the Administrator. Red River has filed with the FAA documents styled "Petition for Reconsideration of Agency Action Concerning Federal Aviation Regu-

lation Section 135.227(b)." The FAA brief states this document has been treated as a request for clarification of the regulation by the Office of the Chief Counsel for Regulations and Enforcement. The Chief Counsel has to our knowledge not yet issued an interpretive letter. The Chief Counsel might agree with Red River's objections, and render court action unnecessary. This case may likewise be altered by pursuit of normal administrative channels under 14 C.F.R. § 13.19.

 This is precisely the type of case where exhaustion of administrative remedies is necessary. This requirement is in accord "with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938).

We agree with the FAA that the cases cited by Red River do not establish the existence of an appealable order in the instant case. *Abbott Laboratories v. Gardner, supra*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 did deal with pre-enforcement review, but there was clearly "final agency action" present there, where the regulation was "promulgated in a formal manner after announcements in the Federal Register and consideration of comments by interested parties." *Id.* at 151, 87 S.Ct. at 1517. The Court stated agencies must be protected "from judicial interference until an administrative decision has been formalized." *Id.* at 148, 87 S.Ct. at 1515.

While there must be a pragmatic approach to the finality of an agency decision, the letter in the instant case nowhere approaches the finality of the administrative decisions in the cases cited by Red River in its brief. *See, e. g., Continental Air Lines, Inc. v. C.A.B.*, 522 F.2d 107, 125 (D.C. Cir. 1975) (en banc) (case involved C.A.B. order announcing seating configuration policy; court stated "[t]he interest in postponing review is strong if the agency position whose validity is in issue is not in fact the agency's final position. If the position is likely to be abandoned or modified before it is actually put into effect, then its review wastes the court's time and interferes with the process by which the agency is attempting to reach a final decision."); *National Automatic Laundry and Cleaning Council v. Shultz*, 443 F.2d 689, 701 (D.C. Cir. 1971) (case involved ruling of Administrator of Wage and Hour Division of Department of Labor; court stated order would not be presumed final where it identified itself as tentative and subject to reconsideration and prescribed the means for obtaining reconsideration).

The communication from the Inspector is not a final agency action, or order from the Board or Administrator, as required by 49 U.S.C. § 1486(a). Red River's petition is therefore dismissed for lack of jurisdiction.