STATE OF NORTH DAKOTA, Board of Managers, Towner County Water Resource District, Board of Managers, Pierce County Water Resource District, Board of Managers, Benson County Water Resource District, and Board of Managers, Rolette County Water Resource District, Plaintiffs,

v.

Galen L. BUTERBAUGH, Regional Director, U.S. Fish and Wildlife Service; Bob Jansen, Director, U.S. Fish and Wildlife Service; and James G. Watt, Secretary, U.S. Department of the Interior, Defendants.

Civ. No. A2–81–178.

United States District Court,
D. North Dakota,
Northeastern Division.

Dec. 22, 1983.

Murray G. Sagsveen, Sp. Asst. Atty. Gen., Bismarck, N.D., for plaintiffs.

Lynn E. Crooks, Asst. U.S. Atty., Fargo, N.D., for defendants; James C. Kilbourne, Atty., Dept. of Justice, Wildlife & Marine Resources Section, Washington, D.C., of counsel.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

This action relates to acquisition by the Interior Department, Fish and Wildlife Service, of waterfowl production area easements under and around Hurricane Lake, located in a part of Benson and Towner Counties, North Dakota. The ultimate relief which plaintiffs seek in the case is a right-of-way permit across lands covered by the defendants' easements. Plaintiffs plan to improve the outlet channel and partially drain the lake. The proposed improvement would affect adversely the waterfowl production area easements, and defendants contend the improvement cannot be undertaken without first acquiring a

right-of-way permit from the Interior Department. In lieu of applying for a permit, plaintiffs brought this action on November 16, 1981, asking for declaratory, injunctive and other relief. The matter is presently before the court on defendants' motion for dismissal.

On April 5, 1982, the United States, prior to filing an answer, moved to dismiss the action arguing that this court lacks personal and subject matter jurisdiction, that plaintiffs have failed to state a claim upon which relief can be granted, and that plaintiffs have failed to join necessary and indispensable parties. The United States argues in support of its motion that plaintiffs failed to exhaust their administrative remedy by not first seeking right-of-way permits from the Regional Director of the Fish and Wildlife Service and that the grantors (landowners) of the easements are necessary and indispensable parties. Plaintiffs responded to the motion on May 24, 1982, arguing that they did not have to exhaust administrative remedies because the easement lands are not part of the National Wildlife Refuge System, and that a determination whether the grantors are indispensable parties before determining whether the easement lands are a part of the National Wildlife Refuge System would be premature.

Before the court had an opportunity to address the dismissal motion, the parties stipulated to stay the action pending settlement negotiations and hydrologic and other studies in the Hurricane Lake area. The negotiations have been unsuccessful.

On March 30, 1983, plaintiffs filed an amended complaint. The amended complaint added the State of North Dakota as a party plaintiff, deleted the Area Manager of the Fish and Wildlife Service as a defendant and substituted Galen Buterbaugh, the present Regional Director of the Fish and Wildlife Service for Don Minnich, the former Regional Director. The amended complaint also seeks declaratory, injunctive, quiet title and other relief.

On June 1, 1983, the United States filed a motion to dismiss the amended complaint for the reasons set forth in support of their first motion to dismiss.

■ A motion to dismiss for failure to state a claim must be denied if the asserted claim for recovery is legally sufficient and if plaintiff can conceivably prove a set of facts in support of his claim which would entitle him to relief. *United States v. Dairyland Ins. Co.,* 485 F.Supp. 539, 542 (D.N.D.1980), *aff'd in part and rev'd in part,* 674 F.2d 750 (8th Cir.1982). Because they have failed to exhaust their administrative remedies, plaintiffs' claims are not sufficient to withstand the challenge raised by defendants' motion to dismiss.

■ The doctrine of exhaustion of administrative remedies provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938); *Red River Transport and Development Co. v. FAA,* 630 F.2d 592, 595 (8th Cir.1980). However, except in those cases where exhaustion of administrative remedies is specifically required by statute, administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further. *West v. Bergland,* 611 F.2d 710, 715 (8th Cir. 1979), *cert. denied,* 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). The Eighth Circuit Court of Appeals has recognized four governmental interests in requiring the exhaustion of administrative remedies. These are allowing the agency to perform functions within its special competence, discouraging frequent and deliberate flouting of the administrative process, allowing the agency the first opportunity to develop the facts and apply the law it was designed to administer, and allowing agencies to correct their own errors. *Id.* at 715–18.

■ Unless the agency is clearly acting *ultra vires,* an individual must, generally speaking, show some exceptional circum-

stance to avoid exhaustion. *Id.* at 618. Courts have traditionally required the individual to prove that denial of immediate judicial review will subject him to irreparable injury or an inadequate remedy. *Id.*

In this case plaintiffs are attempting to bypass the administrative process. Waterfowl production area easements are part of the National Wildlife Refuge System. *See* 16 U.S.C. § 668dd(a)(1) and *United States v. Welte,* No. C2-81-49, slip op. at 2-3 (D.N.D. March 1, 1981), *aff'd,* 696 F.2d 999 (8th Cir.1982). Plaintiffs are therefore required to submit an application to the Fish and Wildlife Service for a right-of-way permit across the lands in question. *See* 50 C.F.R. § 29.21-2. Should plaintiffs submit such an application, and if it were to be approved by the Fish and Wildlife Service, there would be no basis for this lawsuit. Additionally, if plaintiffs' application is denied, Fish and Wildlife Service regulations provide for an appeal procedure within the Department of Interior. *See* 50 C.F.R. § 29.22. Any adverse decision by the Department of Interior would then be reviewable in the district court under the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

Additionally, the Fish and Wildlife Service should be given the first opportunity to develop the facts and apply the law. It is within the agency's expertise to determine whether the proposed use is compatible with the objectives of the National Wildlife Refuge System. As outlined above, there is a procedure within the Department of Interior by which to do this.

Plaintiffs' arguments that it would be futile to pursue its administrative remedy and that the remedy is inadequate are without merit. Although the Fish and Wildlife Service has determined, pursuant to its regulations, that the State must apply for a permit and the conditions that may be imposed before a permit will be granted, these conditions were arrived at during settlement negotiations and may be changed by the Fish and Wildlife Service, or during review within the Department of Interior. While it may be that this case will return to the courts at some time in the future, the courts should not be used as a means to bypass the administrative process.

IT IS ORDERED that defendants' motion to dismiss is granted without prejudice and without costs.