**CIRCLE K CORPORATION, INC,.**
Petitioner-Appellee,

v.

**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Respondent-
Appellant.**

**No. 72–1367.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 14, 1972.

Decided Aug. 13, 1974.

John F. Goemaat, Washington, D. C. (William A. Carey, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief App. Div., Washington, D. C., Ellis Bert, Regional Atty., Albuquerque, N. M., on the brief), for respondent-appellant.

Frank P. Dickson, Jr., Albuquerque, N. M., for petitioner-appellee.

Before HILL, HOLLOWAY and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a denial by the United States District Court for the District of New Mexico of the cross-petition of the Equal Employment Opportunity Commission (EEOC) seeking enforcement of a Demand for Access to Evidence served on Circle K Corporation, Inc. (Circle K). The information sought related to purported discriminatory hiring practices on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

A charge of discrimination on the basis of national origin was filed by Rumie E. McBride on October 14, 1968. In her charge, she alleged that she had initially applied for employment with Circle K as a cashier on May 7, 1968, and was told to return upon completion of a cashier training program in which she was enrolled. Upon her completion of the course, she returned to Circle K and was told she would be contacted within three weeks to a month to take a polygraph examination. She was never contacted and, on October 10, 1968, she returned to Circle K to renew her application. She was refused employment and told that she had no experience or training and did not qualify as a cashier. The charge was deferred to the New Mexico Fair Employment Practices Commission,[1] and following termination of those proceedings, the EEOC assumed jurisdiction.

The EEOC, in investigating the charge, determined that certain information regarding Circle K's polygraph testing program was necessary. Following Circle K's refusal to make this information available, the EEOC issued its Demand for Access to Evidence.[2] The information sought consisted, basically, of a list of all applicants and present employees subjected to the polygraph examination, their racial-ethnic identity and whether they were accepted or rejected; documentation of the nature, standardization and validity of the polygraph test and a list of questions asked of each applicant; qualifications of the examiners who administered the tests; testimony under oath of all knowledgeable employees and officers; and all related matters.

Circle K filed its petition to set aside or to modify the Demand,[3] and the EEOC cross-petitioned for enforcement. The trial court decided favorably to Circle K, and set aside the Demand on the basis that the information sought was not relevant or material to the charge, and that the demand was burdensome and too broad as to geographic area and scope of inquiry.

■■■■ The filing of charges by one claiming to be aggrieved authorizes the EEOC to investigate the charge for the purpose of determining the existence of reasonable cause to believe the charge is true.[4] In its investigatory role, the EEOC is entitled to require the charged party to disclose relevant and material information concerning the charged discriminatory practice. The charge filed against Circle K was sufficient to give notice of the practice or violation to be investigated, and thereby activate the discovery process.[5]

■■■■ Relief from the EEOC's demand cannot be based on Circle K's contention that the charging party had not been subjected to the polygraph examination and therefore cannot be an aggrieved party. Standing may be upheld absent any subjection to a discriminatory employment practice.[6]

1. *See* Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Barela v. United Nuclear Corp., 462 F.2d 149 (10th Cir. 1972).

2. 42 U.S.C. § 2000e–8(a).

3. 42 U.S.C. § 2000e–8(c), (d).

4. Graniteville Co. (Sibley Div.) v. EEOC, 438 F.2d 32 (4th Cir. 1971).

5. *See* Mountain States Tel. & Tel. Co. v. EEOC, 466 F.2d 541 (10th Cir. 1972); Sparton Southwest, Inc. v. EEOC, 461 F.2d 1055 (10th Cir. 1972).

6. Graniteville Co. (Sibley Div.) v. EEOC, supra.

Nor can enforcement of the demand be defeated on Circle K's allegation that compliance would be unduly burdensome. The charge is sufficient to state the unlawful practice to be investigated, and the information sought is relevant to the EEOC investigation; therefore the Demand is proper.[7]

The judgment of the trial court is reversed, and the case is remanded with instruction to enforce the Commissioner's Demand.

7. *See* Local 104, Sheet Metal Workers v. EEOC, 439 F.2d 237 (9th Cir. 1971); Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970), cert. denied, 400 U.S. 951, 91 S. Ct. 241, 27 L.Ed.2d 257; Georgia Power Co. v. EEOC, 412 F.2d 462 (5th Cir. 1969).