**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,**

v.

**QUICK SHOP MARKETS, INC. and Thomas L. Tinsley, President, Appellants.**

**No. 75–1416.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1975.

Decided Nov. 28, 1975.

Rehearing and Rehearing En Banc Denied Dec. 31, 1975.

Mary T. Matthies, Tulsa, Okl., filed appellants brief and reply brief.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Charles L. Reischel, John D. Schmelzer and Beatrice Rosenberg, Attys., E.E.O.C., Washington, D. C., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

We affirm an order of the District Court for the Eastern District of Missouri requiring the appellants to comply with two subpoenas *duces tecum.*

■■■ The District Court correctly decided that the Equal Employment Opportunity Commission had jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* to investigate a charge that the appellants discriminated against two male employees by its hair-length regulations applying to males only. The agency has the initial responsibility to determine coverage of the Act, and we cannot foreclose the Commission from conducting its investigation to determine whether an unfair employment practice has been committed. *See Oklahoma Press Publishing Co. v. Wallings,* 327 U.S. 186, 209, 214, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *New Orleans Public Service, Inc. v. Brown,* 507 F.2d 160, 164 (5th Cir. 1975). The agency decision when made is subject to review in an appropriate proceeding. *Willingham v. Macon Telegraph Publishing Co.,* 507 F.2d 1084 (5th Cir. 1975); *Baker v. California Land Title Company,* 507 F.2d 895 (9th Cir. 1974); *Dodge v. Giant Food, Inc.,* 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); *Aros v. McDonnell Douglas Corp.,* 348 F.Supp. 661 (C.D.Cal.1972); *Donohue v. Shoe Corporation of America,* 337 F.Supp. 1357 (C.D.Cal.1972).

The District Court's holdings that the subpoenas called for relevant materials and were not burdensome or oppressive will not be disturbed. *See Equal Employment Op. Com'n v. Western Pub. Co., Inc.,* 502 F.2d 599, 603 (8th Cir. 1974); *Circle K Corporation, Inc. v. Equal Employment Op. Com'n,* 501 F.2d 1052, 1054 (10th Cir. 1974); *Motorola, Inc. v. McLain,* 484 F.2d 1339, 1346 (7th Cir. 1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974); *Local No. 104, Sh. Met. Wkrs. Int. Ass'n v. Equal Emp. Op. Com'n,* 439 F.2d 237, 243 (9th Cir. 1971).

■■■ There is no merit to the appellants' contention that the District Court denied them due process by failing to conduct a full evidentiary hearing prior to enforcing the subpoenas. *See United States v. Davey,* 426 F.2d 842, 844–845 (2nd Cir. 1970); *Goodyear Tire & Rubber Co. v. National Labor R. Board,* 122 F.2d 450, 451 (6th Cir. 1941).

Affirmed.