**VERNON J. ROCKLER AND CO., INC.,** a Minnesota Corporation, and Vernon J. Rockler, as Trustee of the Vernon J. Rockler and Co., Inc, Profit Sharing Trust, Plaintiffs,

v.

**MINNEAPOLIS SHAREHOLDERS COMPANY,** a Minnesota Corporation, et al., Defendants.

No. 4–75–Civ–336.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 12, 1975.

Stephen C. Davis, Katz, Taube & Lange, Minneapolis, Minn., and Richard F. Watt and Stephen G. Seliger, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for plaintiffs.

Hyman Edelman, Charles Quaintance, Jr., and Andris A. Baltins, Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn., for defendants in joint answer and counterclaim.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

In this action, brought as a shareholder derivative suit and class action under the Securities Exchange Act of 1934, plaintiffs move to dismiss defendants' counterclaim and to strike three of defendants' separate defenses. The complaint in the main action concerns the sale of Minneapolis Shareholders Company (formerly Grain Belt Breweries, Inc.) and alleges the issuance of a false and misleading proxy statement in connection with that purported sale.[1] A cause of action is alleged under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n and Securities Exchange Commission Rules 14a–3 and 14a–9, 17 C.F.R. §§ 240.14a–3 and 240.14a–9 (1975). Jurisdiction for the federal claim is based upon 28 U.S.C. §§ 1331 and 1337. The counterclaiming defendants allege an unlawful conspiracy to interfere with the contractual rights of the other shareholders of Minneapolis Shareholders Company.

The principal arguments made in support of plaintiffs' motion to dismiss the counterclaim are (1) that the plaintiffs are not "opposing parties" and therefore

---

1. Plaintiffs also state pendent jurisdictional claims for breach of fiduciary duty and fraud in connection with the sale of corporate assets.

are not personally subject to counterclaim, (2) that the counterclaim must be dismissed because it fails to state a claim or because the cause of action it alleges is prematurely raised, and (3) that the counterclaim is permissive only, not compulsory, and must therefore be dismissed because it lacks independent grounds for jurisdiction.

Federal Rule of Civil Procedure 13 governs counterclaims and allows a pleader to state as a counterclaim any claim which he has against any "opposing party." Fed.R.Civ.P. 13(a) and (b). Plaintiffs argue that because they are asserting claims in a derivative and representative capacity, they are not opposing parties to the corporation and therefore cannot be counterclaimed against in their individual capacity. Defendants contend that because the complaint purports to be both a class action and a derivative action, plaintiffs are seeking relief for themselves and their class against the corporation as well as in favor of the corporation and therefore plaintiffs can be counterclaimed against as opposing parties.

■■■ It is well settled that plaintiffs in stockholder derivative actions suing in a representative capacity are not "opposing parties" and therefore cannot be the subject of personal counterclaims. *Tryforos v. Icarian Devel. Co.*, 49 F.R.D. 1 (N.D.Ill.1970); *Twardzik v. Sepauley*, 45 F.R.D. 529 (E.D.Pa.1968); *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522 (W.D.Pa.1951). These cases rest on the assumption that the cause which a plaintiff brings in a derivative action is not his own but the corporation's. *Higgins, supra,* at 524. In a derivative suit, the rights asserted by plaintiff are secondary, and he and his class of shareholders recover nothing. Judgment, in such cases, runs in favor of the corporation. *See* C. Wright, Law of Federal Courts 320, § 73 (2d ed. 1970). On the other hand,

a class action by shareholders against their corporation and third parties, unlike a derivative suit, is not based upon rights derived from the corporation but upon the shareholder's primary individual rights of action which belong to each member of the shareholder class. *See Kahn v. Kaskel,* 367 F.Supp. 784 (S.D.N.Y.1973); *see also* 3B Moore, Federal Practice ¶ 23.01 [10.–1–2], p. 23–27, and ¶ 23.1.16[1], pp. 23.1–104—107 (2d ed. 1974).

Section 14(a) of the Securities Act, under which plaintiffs sue in this case, can give rise to shareholders' claims which are both primary individual rights and secondary derivative rights. It has been observed that:

> Section 14(a) and Rule 14a–9 provide two grounds for a class action upon a violation of the rule, (i) a derivative cause of action, and (ii) a primary cause of action either on behalf of himself or on behalf of the body of stockholders who have been injured. The derivative action exists because the "injury which a stockholder suffers from corporate action pursuant to a deceptive proxy solicitation ordinarily flows from the damage done the corporation". [citing *J. I. Case Co. v. Borak,* 337 U.S. 426, at 432, 84 S.Ct. 1555, p. 1560, 12 L.Ed.2d 423 (1964); other citations omitted.] The primary action results from a violation of Section 14(a) in the deceit practiced not only upon the complaining stockholder but also upon the stockholders as a group. *Dan v. Studebaker-Packard Corporation,* 288 F.2d 201 (6th Cir. 1961).

*Gerstle v. Gamble-Skogmo, Inc.*, 298 F. Supp. 66, 102–03 (E.D.N.Y.1969).

■ It is apparent from the complaint in this action that plaintiffs have chosen to assert both their secondary derivative rights and their primary individual rights as stockholders.[2] We see no rea-

---

2. In addition to bringing a derivative suit under Rule 23.1, plaintiffs seek class action status under Rule 23. Plaintiffs ask that the defendants be found liable to the defend-

**4**

son to apply the rule disallowing counterclaims in derivative suits where, as here, primary non-derivative claims have also been asserted.

■■ Plaintiffs seek dismissal of the counterclaim on the additional grounds that the "conclusory" allegations stated therein are not sufficient to state a claim, and, further, that a counterclaim for "malicious prosecution or abuse of process" is premature in that it cannot be brought before final determination of the main action. First, since we cannot conclude at this point that counterclaimants can prove no set of facts in support of their claims which would entitle them to relief, we cannot dismiss the counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973). Moreover, since, when read in a light most favorable to the pleader, the counterclaim states a cause of action for wrongful interference with contractual rights, plaintiffs' arguments concerning prematurity of a claim for "malicious prosecution or abuse of process" are not applicable. We will not dimiss the counterclaim on the ground that it is prematurely asserted.

We recognize that it may be within a court's discretion to disallow counterclaims which are arguably vague or which may tend to confuse a trial of the main claim. However, it is not apparent that any potential confusion here would be so burdensome or prejudicial as to outweigh the strong judicial policy discouraging multiplicity of actions and encouraging settlement of all related claims in one action between the parties.

■ Finally, in seeking dismissal of the counterclaim, plaintiffs argue that it is permissive, not compulsory, and must therefore be dismissed because it lacks an independent basis of jurisdiction.[3] Rule 13 provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed.R.Civ.P. 13(a). The courts have given the terms "transaction" and "occurrence" a flexible, liberal construction primarily to effect judicial economy through the avoidance of a multiplicity of lawsuits involving related controversies. *See, e. g., Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193 (10th Cir. 1974); *Albright v. Gates*, 362 F.2d 928 (9th Cir. 1966). It is reasonable to conclude from the claims stated in plaintiffs' complaint that the "transaction" here encompasses the series of events involving the purported sale of the Grain Belt Brewery assets. There can be no doubt that the counterclaim herein has a sufficient "logical relationship" to plaintiffs' claims to constitute what has been recognized as a compulsory counterclaim. *See generally Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970); Wright, Law of Federal Courts § 79, p. 346 (2d ed. 1970); 3 Moore, Federal Practice ¶ 13.13, pp. 13–300—13–303 (2d ed. 1974). Therefore, the counterclaim is a proper subject for ancillary jurisdiction and it need not be supported by independent grounds of federal jurisdiction.

Finally, we turn to plaintiffs' motion to strike defendants' fourth, fifth, and ninth defenses. The defense of estoppel ("unclean hands" and "laches") is raised in the answering defendants' fourth and

ant corporation *and* to the members of the class on whose behalf the action is brought for losses suffered by them. Complaint, Count I, prayer for relief, paras. E and G.

3. It is settled that "compulsory" counterclaims are ancillary to the opposing party's claims so that jurisdiction which supports the lat-

ter will also support the counterclaim. However, "permissive" counterclaims, being essentially of a separate nature, must have an independent basis of federal jurisdiction. *See generally* 3 Moore, Federal Practice ¶ 13.15 and ¶ 13.19 and cases cited therein.

fifth separate defenses, and the ninth defense asserts that plaintiffs have engaged in a scheme to interfere with the contractual rights of the shareholders of Minneapolis Shareholders Company. Plaintiffs see these alleged defenses essentially as an attack upon their motivations for bringing litigation, and therefore, plaintiffs move to strike these three defenses as insufficient or immaterial under Federal Rule of Civil Procedure 12(f).

A motion to strike a portion of the pleadings is a drastic remedy which is viewed with disfavor and such motions are infrequently granted. *See Augustus v. Board of Pub. Instruction,* 306 F.2d 862 (5th Cir. 1962); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1380 (1969). The court has a wide measure of discretion in determining whether to grant or deny motions under rule 12(f). *Higgins v. Shenango Pottery Co.,* 99 F.Supp. 522 (W.D.Pa. 1951).

A defense which states that plaintiffs in a derivative action have improper motives for suing is certainly of questionable materiality. *See Higgins, supra.*[4] However, when read broadly, the three defenses at issue here raise more than merely a challenge to plaintiffs' motives for bringing this lawsuit. Any doubt as to the striking of matters in a pleading should be resolved in favor of the pleading. *Hanley v. Volpe,* 305 F.Supp. 977, 980 (E.D.Wis.1969). Although the issues plaintiffs raise may be substantial, we conclude at this stage that the allegations being challenged are not so unrelated to plaintiffs' claims or otherwise so clearly legally insufficient as to be unworthy of consideration by way of defense.

It is ordered that plaintiffs' motions to dismiss the counterclaim and to strike answering defendants' fourth, fifth and ninth defenses are denied.

4. We note, however, that the court in *Higgins* did refuse to strike certain defenses, such as laches, even though such defenses were

related to plaintiffs' motives for suing. *Higgins v. Shenango Pottery Co., supra,* at 525.