EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellee,

v.

CHRYSLER CORPORATION, Appellant.

No. 77–1251.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1977.

Decided Dec. 7, 1977.

Rehearing and Rehearing En Banc
Denied Dec. 29, 1977.

Donald J. Stohr, Charles A. Newman (argued and made rebuttal), and James W. Erwin, Thompson & Mitchell (argued), St. Louis, Mo., on briefs, for appellant.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg and Ramon V. Gomez (argued), Attys., Equal Employment Opportunity Commission, Washington, D. C., on brief, for appellee.

Before GIBSON, Chief Judge, VAN OOS-TERHOUT, Senior Judge, and LAY, Circuit Judge.

LAY, Circuit Judge.

Chrysler Corporation appeals from a United States District Court order enforcing a subpoena duces tecum issued by the Equal Employment Opportunity Commission under 42 U.S.C. § 2000e–12 and 29 C.F.R. § 1601.15 (1976) in the investigation of a charge of racial discrimination brought by a former employee. Judge H. Kenneth Wangelin's opinion is unofficially reported at 14 F.E.P. Cases 656. Chrysler contends that the district court erred in, among others: (1) refusing to grant a hearing in the district court; (2) failing to permit discovery in the district court; (3) finding that the EEOC had jurisdiction over the charges made; (4) determining that the information sought was relevant; and (5) dismissing several counterclaims. We find that the district court properly exercised its limited role of review in determining the validity of the subpoena. We affirm the district court's order on the basis of the court's memorandum opinion.

Reasonable cause for finding a Title VII violation need not be established before an administrative subpoena may be validly issued. Rather, it is the function of such investigative subpoenas to establish whether reasonable cause to bring a discrimination charge exists. *See EEOC v. Quick Shop Markets, Inc.,* 526 F.2d 802, 803 (8th Cir. 1975); *Graniteville Co. (Sibley Div.) v. EEOC,* 438 F.2d 32, 36 (4th Cir. 1971). Thus, a court faced with a demand for enforcement is limited to determining whether the subpoenaed information is material and relevant to the investigation of a potential violation. To do otherwise would be to "not only place the cart before the horse, but to substitute a different driver for the one appointed by Congress." *Graniteville Co. (Sibley Div.) v. EEOC, supra* at 36. *See also EEOC v. South Carolina National Bank,* 562 F.2d 329, at 331–332 (4th Cir., filed Sept. 28, 1977); K. Davis, Administrative Law Text 63–66 (3d ed. 1972).

The district court properly exercised its limited review of the relevance and materiality of the subpoena in ordering its enforcement. *See EEOC v. Quick Shop Markets, Inc., supra* at 803. Those issues relating to the existence of reasonable cause for finding a violation of Title VII must await the completion of the administrative process before the district court may properly review them. *Cf. Reynolds Metals Co. v. Rumsfeld,* 564 F.2d 663, at 668 (4th Cir., filed Oct. 14, 1977). By allowing the administrative process to be completed the issues may well be disposed of without the necessity of federal court action. The defendant's contentions are premature.

The order of the district court enforcing the subpoena is AFFIRMED.