523 F.Supp. 79 (1981)
SHELL OIL COMPANY, Plaintiff,
v.
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., Defendants.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
SHELL OIL COMPANY, et al., Defendants.
Nos. 80-1202-C(5), 81-0230-C(5).
United States District Court, E. D. Missouri, E. D.
June 30, 1981.
On Motion For Reconsideration and Clarification September 22, 1981.
*80 *81 *82 Donna L. Harper, St. Louis, Mo., Dianna B. Johnston, Washington, D. C., for E. E. O. C.
Thomas R. Jayne, W. Stanley Walch, Charles A. Newman, Thompson & Mitchell, St. Louis, Mo., Martin D. Schneiderman, Samuel T. Perkins, Mark B. Goodwin, Steptoe & Johnson, Washington, D. C., for defendants in No. 80-1202-C(5) and plaintiff in No. 81-0230-C(5).
Susan J. Sandler, Houston, Tex., for Shell Oil Co.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on various pretrial motions.
On September 27, 1979, Eleanor Holmes Norton, Chair of the Equal Employment Opportunity Commission (hereinafter EEOC), initiated a Commissioner's charge against Shell Oil Company (hereinafter Shell) under sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. The charge alleged employment discrimination on the basis of race and sex at plaintiff's refinery in Wood River, Illinois. Subsequently, W. Ed. Mansfield, District Director of the St. Louis District Office of the EEOC, issued the EEOC's first request for information. An administrative subpoena duces tecum was served on Shell May 16, 1980 by Mansfield. In response thereto, on May 23, 1980, Shell filed a petition to revoke or modify the subpoena, which was denied by Mansfield on June 9, 1980. Shell filed an appeal of the petition to revoke or modify the subpoena on June 23, 1980. Likewise, Shell's appeal was denied by Leroy Clark, General Counsel of the EEOC, around August 27, 1980. Having exhausted its administrative remedies, Shell filed an action in this Court (No. 80-1202-C(5)) in order to quash the subpoena and to enjoin the EEOC, Norton, Clark, and Mansfield from their alleged unlawful and arbitrary course of conduct. Around February 4, 1981, the EEOC filed an action in the Southern District of Illinois (now No. 81-230-C(5)) against Shell and its agent, Roger Rice, to enforce the subpoena duces tecum issued by the EEOC. The actions have been consolidated and are now before this Court.

EEOC's Motion to Strike.
The EEOC moves to strike the first, third, and fourth defenses of Shell under Fed.R.Civ.P. 12(f). That rule provides in relevant part that the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Those defenses are:

*83 1. FIRST DEFENSE: The subpoena may not be enforced because EEOC lacks authority to issue a subpoena to investigate a charge that is unlawfully filed;
2. THIRD DEFENSE: The subpoena may not be enforced because EEOC lacks authority to issue a subpoena that contravenes the terms of the Federal Reports Act, 44 U.S.C. § 3501 et seq.;

3. FOURTH DEFENSE: The subpoena may not be enforced because the Commission claims the authority to disclose to unnamed third parties information produced pursuant to the subpoena in contravention of Section 706b and 709e of Title VII, as amended, 42 U.S.C. 2000e-5(b) and e-8(e) and the Trade Secrets Act, 18 U.S.C. Section 1905.
EEOC claims that Shell's first defense is vague and contains insufficient facts from which an opinion can be formed as to its validity and, therefore, should be stricken. The case law indicates that a motion to strike a portion of the pleadings is a drastic remedy which is viewed with disfavor and such motions are infrequently granted. Lunsford v. United States, 418 F.Supp. 1045, 1051 (D.S.D.1976); Zamora v. Massey-Ferguson, Inc., 336 F.Supp. 588, 591 (S.D.Iowa 1972); Patrick v. I. D. Packing Company, 308 F.Supp. 821, 823 (S.D.Iowa 1969); Vernon J. Rockler and Co., Inc. v. Minneapolis Shareholders Company, 69 F.R.D. 1, 5 (D.Minn.1975). The Court should defer action on a motion to strike a pleading and leave the sufficiency of the allegations for a determination on the merits where there is no showing of prejudicial harm to the moving party. Zamora, 336 F.Supp. at 591; Patrick, 308 F.Supp. at 823. Here, EEOC has not shown that it will be prejudiced if its motion to strike is denied. Furthermore, a defense is good unless it appears to a certainty that plaintiffs would succeed despite any state of facts which would be provided in support of the defense, and any doubt as to the striking of matters in a pleading should be resolved in favor of the pleading. Vernon J. Rockler and Co., Inc., 69 F.R.D. at 5; Hunter v. International Systems & Control Corp., 56 F.R.D. 617, 633 (W.D.Mo.1972). This Court cannot say with certainty that the EEOC would succeed despite any state of facts which would be provided in support of Shell's defense. Therefore, the Court in its discretion denies EEOC's motion to strike as to Shell's first defense. See Vernon J. Rockler and Co., Inc., 69 F.R.D. at 5.
EEOC asserts that Shell's third defense should be stricken because the Federal Reports Act is inapplicable to subpoenas. EEOC then cites the Court to Adams v. F. T. C., 296 F.2d 861, 866 (8th Cir. 1961), cert. denied, 369 U.S. 864, 82 S.Ct. 1029, 8 L.Ed.2d 83 (1962), which held that a subpoena meets the requirements for enforcement if the inquiry is: (1) within the authority of the agency; (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant. See Blue Ribbon Quality Meats, Inc. v. F. T. C., 434 F.Supp. 159, 162 (W.D.Mo.1976); United States v. Empire Gas Corp., 419 F.Supp. 34, 37 (W.D.Mo. 1976). Although the Court does not attempt to rule on the merits, it cannot say at this time that the subpoena is not within the authority of the agency, that the demand is insufficient, or that the information sought is irrelevant. Therefore, the Court in its broad discretion denies EEOC's motion to strike as to Shell's third defense. See Vernon J. Rockler and Co., Inc., 69 F.R.D. at 5.
The Court having considered EEOC's argument to strike Shell's fourth defense, denies the motion to strike as to Shell's fourth defense on the same grounds that it denied the motion as to Shell's first and third defenses. Accordingly, EEOC's motion to strike is denied.

EEOC's Motion For Protective Order That Discovery Not Be Had.
EEOC moves for a protective order under Fed.R.Civ.P. 26(c) forbidding the discovery via interrogatories and the first request for production of documents sought by Shell. First, EEOC challenges Shell's third defense in its answer. This same challenge was enunciated in EEOC's motion to strike. This argument for the motion for protective order is rejected, therefore, for the reasons *84 set out by the Court in the denial of the motion to strike.
In regard to Shell's interrogatories No. 11-13, the motion for protective order is stayed pending the filing of a certificate of privilege by the EEOC with respect to these interrogatories. (See, memorandum in support of applicant's motion for protective order, p. 4.)
After careful review of the motion and the memorandum in support of the protective order, the Court finds that EEOC's motion for protective order is denied as to Shell's interrogatories No. 1-10 and 14-17 and Shell's first request to inspect and copy documents.

Shell's Motion For Continuance.
Shell moves to continue the hearing of the Court's order to show cause scheduled for April 17, 1981 until May 21, 1981, or until 45 days after EEOC has provided full answers to Shell's first interrogatories. Since the hearing on the order to show cause was held on May 15, 1981 in this Court, the motion for continuance is denied as moot.

EEOC's Motion For Reconsideration.
EEOC moves the Court to reconsider its order of March 6, 1981 denying defendant's motion to dismiss civil action No. 80-1202C(5). The grounds for the motion for reconsideration are:
1. Denial of the motion to dismiss and allowance of discovery by plaintiff will affirmatively harm the ability of the EEOC to carry out its mandate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

2. This is simply a motion to quash a subpoena and as such is a summary proceeding.
3. The recent amendment to the Federal Reports Act clarifies Congressional intent not to include investigatory material within the Act's coverage.
In order to systematically approach the present motion for reconsideration, the Court will analyze the original motion to dismiss on an issue by issue basis.
EEOC's first argument is that the Court lacks subject matter jurisdiction. This action is brought under U.S.Const. amend. V; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.; the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq., 701 et seq.; the Federal Reports Act, 44 U.S.C. §§ 3501 et seq.; the Trade Secrets Act, 18 U.S.C. § 1905, and 28 U.S.C. §§ 1331, 1337, 1391(e), and 1651. 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Since the instant matter arises under an amendment of the United States Constitution and several United States laws, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.
Defendant next argues that plaintiff has failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). This contention is argued via four subsections entitled: A. Federal Reports Act, B. Confidentiality, C. There is Sufficient Justification For Issuance of a Commissioner Charge, and D. The Subpoena Should Not Be Quashed.

A. Federal Reports Act.
Shell asserts in Counts IV and V of the complaint that the information sought by the EEOC from Shell in its subpoena and October 1979 Request for Information was requested in violation of the Federal Reports Act, 44 U.S.C. § 3501, et seq. It has come to the Court's attention that the Federal Reports Act has been replaced by the Paperwork Reduction Act of 1980, Pub.L. 96-511, 94 Stat. 2812, which became effective April 1, 1981. This Act indicates that it does not apply to the collection of information during the conduct of an administrative investigation of specific entities and that it is not intended to interfere with civil rights enforcement. Here, the EEOC was seeking information while conducting an administrative investigation of Shell, a specific entity. Therefore, EEOC's motion to dismiss is granted as to the claim *85 under the Federal Reports Act, now the Paperwork Reduction Act of 1980. Accordingly, EEOC's motion to reconsider is granted as to the Federal Reports Act claim.

B. Confidentiality.
In Count VI Shell alleges that EEOC frequently retains outside consultants to review investigatory materials, particularly computer data, and in so doing, EEOC provides these consultants with a charged employer's company documents and computer records. Furthermore, Shell claims that this practice violates 42 U.S.C. §§ 2000e-5(b) and 2000e-8(c) and the Trade Secrets Act, 18 U.S.C. § 1905. Lastly, Shell states that the EEOC has refused to give it any assurance that it will not provide the information demanded to outside consultants, and EEOC has asserted a right to do so. To the contrary, the EEOC at the show cause hearing on May 15, 1981, intimated that the subpoena could be enforced with a stipulation that the information not be turned over to outside consultants. Transcript of Hearing, p. 26, lines 9-12. Since EEOC has indicated a willingness not to turn over the information requested to outside consultants, EEOC's motion to dismiss is granted as to this issue.

C. There Is Sufficient Justification For Issuance of a Commissioner's Charge.
Plaintiff alleges via complaint that the Commissioner's charge issued against it does not specify sufficient facts, that it exceeds the Commission's statutory authority, and that plaintiff's due process rights are violated in that it cannot defend itself against the allegations in the charge.
The Commissioner's charge reads:
COMMISSIONER'S CHARGE
Pursuant to the provisions of Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. (Supp. v. 1975) I charge the following employer with unlawful employment practices:
 Shell Oil Company
 Wood River Refinery
 P. O. Box 262
 Wood River, Illinois 62095
I believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate Sections 703 and 707 of the Civil Rights Act of 1964, as amended, by discriminating against Blacks and females on the basis of race and sex with respect to recruitment, hiring, selection, job assignment, training, testing, promotion, and terms and conditions of employment.
More specifically, the employer's unlawful discriminatory practices include, but are not limited to:
1. Failing or refusing to recruit, hire, promote, train, assign or select Blacks for managerial, professional, technical, office/clerical, craft, and service workers positions because of their race.
2. Failing or refusing to recruit, hire, promote, train, select, and assign females to managerial, professional, technical, craft, operative, laborer and service worker positions because of their sex.
The persons aggrieved include all Blacks and women who are, have been or might be affected by the unlawful employment practices complained of herein.
Title 42 U.S.C. § 2000e-5(b) in relevant part provides:
(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management *86 committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d) of this section. If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, where applicable under subsection (c) or (d) of this section, from the date upon which the Commission is authorized to take action with respect to the charge. (Emphasis supplied.)
The language of the statute clearly indicates that the Commissioner had the authority to issue a charge. Therefore, plaintiff's argument that the Commissioner's charge exceeds the Commission's statutory authority is without merit.
Plaintiff's allegation that the Commissioner's charge does not specify sufficient facts is also meritless. The purpose of a charge under section 706, 42 U.S.C. § 2000e-5, is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case. Graniteville Co. (Sibley Div.) v. Equal Employ. Op. Com'n., 438 F.2d 32, 38 (4th Cir. 1971). A showing of reasonable cause via facts, in order to find a Title VII violation need not be established before an administrative subpoena may be validly issued. See Equal Employment Opportunity Commission v. Chrysler Corporation, 567 F.2d 754, 755 (8th Cir. 1977). Rather, it is the function of such investigative subpoenas to establish whether reasonable cause to bring a discrimination charge exists. Chrysler Corporation, 567 F.2d at 755; Graniteville Co., 438 F.2d at 36. 29 C.F.R. § 1601.12(b) (1980), which applies to charges filed by aggrieved persons and the Commission, states that a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. According to this standard, the Commissioner's charge is sufficient, because it is a typewritten statement which identifies the parties involved as being Shell Oil Company and the EEOC, and it describes generally the practices complained of as failing or refusing to recruit, hire, promote, train, assign or select Blacks and/or females for managerial, professional, technical, craft, and service worker positions, inter alia, because of their race and/or sex. See Commissioner's Charge, paragraphs 1 and 2.
As per 42 U.S.C. § 2000e-5(b), only notice of the charge must include the date, place and circumstances of the alleged unlawful employment practice. The rule only requires that charges be in writing under oath or affirmation and contain such information and be in such form as the Commission requires. Here, the charge was typewritten, *87 sworn to by Commissioner Norton, and substantially complied with Commission guidelines.
Similarly, it is difficult to fathom plaintiff's argument that its U.S.Const. amend. V due process rights are violated in that it cannot defend itself against the allegations in the charge. In nonadjudicative, fact-finding investigations, traditional notions of U.S. Const. amend. V due process do not attach. See Hannah v. Larche, 363 U.S. 420, 446, 80 S.Ct. 1502, 1516, 4 L.Ed.2d 1307 (1959); Ewing v. Mytinger & Casselberry, 339 U.S. 594, 598, 70 S.Ct. 870, 872, 94 L.Ed. 1088 (1949). In the present case, EEOC is seeking to make a nonadjudicative investigation, therefore, due process under U.S.Const. amend. V is inapplicable.
Based on the foregoing, there is sufficient justification for issuance of the Commissioner's charge and EEOC's motion to dismiss is granted as to this issue.

D. The Subpoena Should Not Be Quashed.
Plaintiff alleges that the subpoena should be quashed, because the information sought is irrelevant.
It is clear that the EEOC has the authority to make investigations in order to determine if individual and/or pattern or practice discrimination is ongoing. See 42 U.S.C. §§ 2000e-5(b) and 2000e-6(e). 42 U.S.C. § 2000e-8(a) states that the Commission or its designated representative shall have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices and is relevant to the charge under investigation. Notions of relevancy at the investigatory stage are very broad, and so long as the EEOC is not wandering into wholly unrelated areas, the EEOC has the power to investigate and thus to subpoena documents concerning any employer practice which may shed light on the discrimination charged. Equal Employment Opportunity v. Cambridge Tile Mfg., 590 F.2d 205, 206 (6th Cir. 1979). The Court after reviewing the subpoena finds that the information requested therein is not wholly unrelated to the charge under investigation. Therefore, the information requested is relevant and the subpoena should not be quashed.
Additionally, plaintiff complains that it would be unduly burdensome to produce the information requested, to provide compilations and to provide computer information. The fact of being burdensome alone is not a sufficient basis for refusal to enforce a subpoena. 42 U.S.C. § 2000e-8(a) places no limitations on the Commission's access to materials on the basis of the burden to the company. EEOC v. United States Fid. & Guar. Co., 414 F.Supp. 227, 244 (D.Md.1976), aff'd, 538 F.2d 324 (4th Cir. 1976). Therefore, plaintiff's argument appears to have minimal merit.
After careful reconsideration of the EEOC's motion to dismiss, the Court finds that the motion to dismiss cause No. 80-1202-C(5) has merit. Therefore, the Court vacates its order denying EEOC's motion to dismiss dated March 6, 1981, and in lieu thereof grants EEOC's motion for reconsideration.

Shell's Motion To Enforce Stipulation.
Shell moves to enforce a stipulation entered between Shell and the EEOC which was filed on January 12, 1981. The relevant portion of the stipulation provides that in the event the defendants' (EEOC, et al.) motion to dismiss is denied, defendants agree to answer or object within 30 days of such denial, plaintiff's first interrogatories filed on November 24, 1980. After the motion to dismiss was originally denied by the Court, defendants failed to answer or object to plaintiff's interrogatories. Instead, defendants filed a motion to reconsider their motion to dismiss. The Court has now granted the motion to reconsider. Since defendants' original motion to dismiss has in effect been granted via motion for reconsideration, defendants are not required to answer or object to plaintiff's first interrogatories within 30 days of this Court's order, as per the stipulation. Accordingly, Shell's motion to enforce the stipulation is denied.

*88 Defendants' (EEOC, et al.) Motion for Protective Order.

Defendants (EEOC, et al.) in cause No. 80-1202-C(5) moved for a protective order staying all discovery in that case pending a ruling on defendants' motion for reconsideration. In that the motion for reconsideration has been ruled on by the Court, defendants' motion is denied as moot.
IT IS SO ORDERED.

JUDGMENT
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is entered for the EEOC in civil action No. 80-1202-C(5), Shell's action to quash the subpoena.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is entered for the EEOC in civil action No. 81-0230-C(5), EEOC's action to enforce the subpoena.

MEMORANDUM

On Motion For Reconsideration and Clarification
This matter is before the Court upon the Equal Employment Opportunity Commission's (hereafter EEOC) motion for reconsideration and clarification and Shell Oil Company's (hereinafter Shell) cross-motion for clarification.
On September 27, 1979, Eleanor Holmes Norton, Chair of the EEOC, initiated a Commissioner's charge against Shell under Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. The charge alleged employment discrimination on the basis of race and sex at plaintiff's refinery in Wood River, Illinois. Subsequently, W. Ed. Mansfield, District Director of the St. Louis District Office of the EEOC, issued the EEOC's first request for information. An administrative subpoena duces tecum was served on Shell May 16, 1980 by Mansfield. In response thereto, on May 23, 1980, Shell filed a petition to revoke or modify the subpoena, which was denied by Mansfield on June 9, 1980. Shell filed an appeal of the petition to revoke or modify the subpoena on June 23, 1980. Likewise, Shell's appeal was denied by Leroy Clark, General Counsel of the EEOC, around August 27, 1980. Having exhausted its administrative remedies, Shell filed an action in this Court [No. 80-1202-C(5)] in order to quash the subpoena and to enjoin the EEOC, Norton, Clark, and Mansfield from their alleged unlawful and arbitrary course of conduct. Around February 4, 1981, the EEOC filed an action in the Southern District of Illinois [now No. 81-0230-C(5)] against Shell and its agent, Roger Rice, to enforce the subpoena duces tecum issued by the EEOC. The actions were consolidated and brought before this Court. Thereafter the EEOC moved to dismiss civil action No. 80-1202-C(5). The Court denied EEOC's motion to dismiss via its order of March 6, 1981. EEOC then filed other pretrial motions and a motion for reconsideration of the Court's order of March 6, 1981. The Court in its order dated June 30, 1981, granted, inter alia, EEOC's motion for reconsideration.
EEOC now moves for reconsideration of those portions of the June 30, 1981 order denying its motions for a protective order and to strike defenses. Both parties move for clarification of the Court's order of June 30, 1981.
In reconsideration and clarification of the Court's order of June 30, 1981, for the reasons outlined in the Court's memorandum (pp. 5-11) of June 30, 1981, civil action No. 80-1202-C(5), Shell's action to quash the subpoena is dismissed. Therefore, judgment in civil action No. 80-1202-C(5) is entered for the EEOC. After careful consideration of Shell's arguments, defenses, and memoranda explaining why the subpoena should not be enforced which were presented at the show cause hearing and in the pleadings, the Court enters judgment for EEOC in civil action No. 81-0230-C(5), EEOC's action to enforce the subpoena.
In addition to the rationale set out on pages 5-11 of the Court's order of June 30, 1981, the Court finds that the subpoenaed information is material and relevant to the EEOC's investigation. See Equal Employment Opportunity Commission v. Chrysler *89 Corporation, 567 F.2d 754, 755 (8th Cir. 1977); Equal Emp. Op. Com'n v. University of N. M., Albuquerque, 504 F.2d 1296, 1301 (10th Cir. 1974). Although compliance with the subpoena may place somewhat of a burden on Shell, burdensomeness alone is not a sufficient basis for refusal to enforce a subpoena. EEOC v. United States Fid. & Guar. Co., 414 F.Supp. 227, 244 (D.Md.1976). Any inconvenience or difficulty must be considered as a part of the social burden of living under government. Id. at 244. In order to alleviate some of the burden and expense of compliance, the EEOC previously assured Shell that it (EEOC) is authorized to contribute toward the costs of compliance. (See Determination On Appeal Petition, paragraph 3.)
Additionally, the subpoena is not subject to quashing because it requires Shell to make certain compilations. See New Orleans Public Service, Inc. v. Brown, 507 F.2d 160, 164 (5th Cir. 1975); Okla. Pub. Co. v. Powell, 22 FEP Cases 1421, 1425 (W.D.Okla.1976), aff'd, Okla. Pub. Co. v. EEOC, 22 FEP Cases 1429 (10th Cir. 1978), cert. denied, 439 U.S. 863, 99 S.Ct. 186, 58 L.Ed.2d 173 (1978).
The EEOC, however, cannot require Shell to furnish copies of documents. See Okla. Pub. Co., 22 FEP Cases at 1425-26. 42 U.S.C. § 2000e-8(a) provides:
(a) In connection with any investigation of a charge filed under section 2000e-5 of this title, the Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation. (Emphasis supplied.)
Accordingly, the subpoena, to the extent that it seeks copies to be supplied by Shell, is modified and is enforceable only to the extent access to and the right to copy evidence is sought.
Therefore, Shell shall comply with the subpoena as modified in connection with the investigation of the charge filed by Eleanor Holmes Norton by allowing EEOC representatives access to the subpoenaed documents and information commencing no later than October 23, 1981, and continuing until production is completed. The information obtained by the EEOC, however, shall not be turned over to any outside consultants. In that this ruling disposes of this consolidated action because it disposes of both civil action No. 80-1202-C(5) and No. 81-0230-C(5), the Court finds there is no longer a need for Shell's discovery. Therefore, EEOC's motions for protective order that discovery not be had and to strike defenses are denied.