SHELL OIL COMPANY, Appellant,

v.

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; Eleanor Holmes Norton, United States Equal Employment Opportunity Commission; Leroy Clark, General Counsel, United States Equal Employment Opportunity Commission; W. Ed Mansfield, District Director, St. Louis District Office, United States Equal Employment Opportunity Commission, Appellees.

No. 81–1811.

United States Court of Appeals, Eighth Circuit.

July 20, 1982.

ORDER DENYING PETITION FOR REHEARING EN BANC.

The petition for rehearing en banc in the above entitled case is denied.

LAY, Chief Judge, would grant the petition for rehearing en banc.

I must respectfully dissent from denial of the petition for rehearing en banc because I believe that the panel's opinion is inconsistent with this court's holding in *EEOC v. Chrysler Corp.*, 567 F.2d 754 (8th Cir. 1977), and in direct conflict with the decisions of all other courts of appeals addressing the issue of factual allegations in a title VII charge. Because the panel's decision goes far beyond any other court of appeals in requiring detailed pleadings to support an administrative subpoena, and because of the profound impact that such a holding will necessarily have on the EEOC's pattern and practice enforcement program, I believe that a review of the case en banc is warranted.

The panel's decision holds that a charge filed by the chair of the Equal Employment Opportunity Commission against Shell Oil Co. pursuant to sections 706 and 707 of title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5 and 2000e–6, fails to set forth sufficient facts regarding the dates and circumstances of the alleged unlawful employment practices as required by section 706(b) of title VII, 42 U.S.C. § 2000e–5(b). *See Shell Oil Co. v. United States EEOC*, 676 F.2d 322 at 326 (8th Cir. 1982). Thus, the panel concludes, the charge is insufficient to support the EEOC's subpoena requiring Shell to produce certain evidence described in the Request for Information covering the period from 1976 to the present. *Id.* at 323–324. The cause was subsequently remanded to the district court, 523 F.Supp. 79, to allow the EEOC an opportunity to amend the charge to comply with section 706(b). *Id.* at 326.

The disputed charge is as follows:

Pursuant to the provisions of Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq, (supp v. 1975) I charge the following employer with unlawful employment practices:

Shell Oil Company
Wood River Refinery
P. O. Box 262
Wood River, Illinois 62095

I believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has

violated and continues to violate Sections 703 and 707 of the Civil Rights Act of 1964, as amended, by discriminating against Blacks and females on the basis of race and sex with respect to recruitment, hiring, selection, job assignment, training, testing, promotion, and terms and conditions of employment.

More specifically, the employer's unlawful discriminatory practices include, but are not limited to:

1. Failing or refusing to recruit, hire, promote, train, assign or select Blacks for managerial, professional, technical, office/clerical, craft, and service workers positions because of their race.

2. Failing or refusing to recruit, hire, promote, train, select, and assign females to managerial, professional, technical, craft, operative, laborer and service worker positions because of their sex.

The persons aggrieved include all Blacks and women who are, have been or might be affected by the unlawful employment practices complained of herein.

The panel found fatal to this charge the fact that the EEOC used July 2, 1965, the effective date of title VII, as the beginning date of Shell's title VII violation. Use of such a date, the panel concludes, fails to notify Shell of the parameters of the investigation because the charge contains no factual basis in the allegations supporting that date. *Id.* at 325–26. The panel additionally faulted the charge, stating:

Adequate notice of the factual basis for the charge enables the parties to determine whether conciliation is an appropriate remedy and aids the court and the employer in determining what evidence is relevant for discovery and what records must be retained in accordance with EEOC regulations. 29 C.F.R. § 1602.-14(a) (1981). A charge which simply alleges discrimination in all areas of employment practice without some factual or statistical basis gives the appearance of a "fishing expedition" and fails to give the employer sufficient notice. *Granite-*

*ville Co. (Sibley Div.) v. EEOC,* 438 F.2d 32, 41 (4th Cir. 1971).

*Id.* at 326.

In *EEOC v. Chrysler Corp.,* 567 F.2d 754 (8th Cir. 1977), this court upheld the district court's order enforcing the EEOC's subpoena duces tecum stating:

Reasonable cause for finding a Title VII violation need not be established before an administrative subpoena may be validly issued. Rather, it is the function of such investigative subpoenas to establish whether reasonable cause to bring a discrimination charge exists. *See EEOC v. Quick Shop Markets, Inc.,* 526 F.2d 802, 803 (8th Cir. 1975); *Graniteville Co. (Sibley Div.) v. EEOC,* 438 F.2d 32, 36 (4th Cir. 1971). Thus, a court faced with a demand for enforcement is limited to determining whether the subpoenaed information is material and relevant to the investigation of a potential violation. To do otherwise would be to "not only place the cart before the horse, but to substitute a different driver for the one appointed by Congress." *Graniteville Co. (Sibley Div.) v. EEOC, supra* at 36. *See also EEOC v. South Carolina National Bank,* 562 F.2d 329, at 331–332 (4th Cir., filed Sept. 28, 1977); K. Davis, Administrative Law Text 63–66 (3d ed. 1972).

The district court properly exercised its limited review of the relevance and materiality of the subpoena in ordering its enforcement. *See EEOC v. Quick Shop Markets, Inc., supra* at 803. Those issues relating to the existence of reasonable cause for finding a violation of Title VII must await the completion of the administrative process before the district court may properly review them. *Cf. Reynolds Metals Co. v. Rumsfeld,* 564 F.2d 663, at 668 (4th Cir., filed Oct. 14, 1977). By allowing the administrative process to be completed the issues may well be disposed of without the necessity of federal court action. The defendant's contentions are premature.

567 F.2d at 755.

*Accord EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 312–13 (7th Cir. 1981); *EEOC*

*v. Dean Witter Co.,* 643 F.2d 1334, 1338 and n.3 (9th Cir. 1980). Other courts have also read section 706 to require no detailed factual pleading, and have permitted charges similar to those in the instant case. *See, e.g., New Orleans Public Service, Inc. v. Brown,* 507 F.2d 160, 162–64 (5th Cir. 1975) (statistics alleged in charge of discriminatory pattern and practice; the court in dicta inferred that charge would have been sufficient even without statistical allegations); *Sparton Southwest, Inc. v. EEOC,* 461 F.2d 1055, 1058–60 (10th Cir. 1972) (en banc) (subpoena based on similar charge upheld); *General Employment Enterprises, Inc. v. EEOC,* 440 F.2d 783, 783–84 (7th Cir. 1971); *Bowaters Southern Paper Corp. v. EEOC,* 428 F.2d 799, 800–01 (6th Cir.), *cert. denied,* 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970).

It would appear that the panel decision would require the Commission to show extrinsic evidence of reasonable cause in order to conduct an investigation to determine reasonable cause. Furthermore, the court's decision would impose the pleading standards of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 8, upon an administrative fact-finding investigation. Such a position is supported by neither logic nor precedent, and would severely undermine the Commission's ability to bring commissioner's charges of discriminatory patterns and practices as authorized under 42 U.S.C. § 2000e–5. For these reasons, a rehearing of this action by this court en banc is in order.