# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 05-3322

_____

United States Equal Employment       *
Opportunity Commission,       *
      *
        Appellee,       *
      *
        v.       *
      *
Technocrest Systems, Inc.,       *
      *
        Appellant.       *


_____

No. 05-3457

_____

Appeals from the United States
District Court for the
Western District of Missouri.

United States Equal Employment       *
Opportunity Commission,       *
      *
        Appellant,       *
      *
        v.       *
      *
Technocrest Systems, Inc.,       *
      *
        Appellee.       *

_____

Submitted:  April 21, 2006
Filed:  May 26, 2006
_____

Before MURPHY, MELLOY and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Technocrest Systems, Inc. ("Technocrest") appeals the district court's partial enforcement of an administrative subpoena issued by the Equal Employment Opportunity Commission ("EEOC") in furtherance of an investigation of national origin discrimination.  The EEOC cross-appeals the district court's partial denial of the subpoena.  We affirm in part, reverse in part and remand to the district court for proceedings consistent with this opinion.

## I.   BACKGROUND

The EEOC issued the administrative subpoena as part of its investigation of charges of discrimination brought by employees of Technocrest.  Technocrest, a company providing computer repair and system analysis services, is based in Missouri and employs approximately 100 technical employees.  According to Technocrest, during the relevant period, all its technical employees were Filipino and present in the United States under non-immigrant H-1B visas.

In 2003, six technical employees of Technocrest working as electronics engineers, system analysts, or field service representatives filed with the EEOC charges of national origin discrimination in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.* These six charging parties charged that Technocrest illegally discriminated against them and Filipino employees as a class based on their Filipino national origin when they received less favorable treatment than promised after Technocrest recruited them from the Philippines to work in the United States. Specifically, the charging parties allege that they and Technocrest's Filipino employees as a class were "subjected to wages less than or equal to the minimum wage, intimidated, and treated to less favorable terms and conditions of employment than promised."

During the course of its investigation, the EEOC issued an administrative subpoena to Technocrest in March 2004. The portions of the subpoena that are disputed include requests for: (1) documents that show the name, immigrant status during employment, dates of employment, total actual compensation for each pay period, work history, and present work status for each person who worked as an electronics engineer, system analyst, or field service representative for any length of time between January 1, 2001 and the present ("work history information"); (2) copies of all documents submitted to and received from the Department of Labor ("DOL") and the Immigration and Naturalization Service ("INS") during the years 2001 through 2003 ("DOL and INS documents"); and (3) the complete contents of all personnel files and records pertaining to each Filipino employee present under an H-1B visa and employed at any time between January 2001 and the present ("personnel files").

After Technocrest refused to comply with these portions of the subpoena, the EEOC brought enforcement proceedings in the district court. Following briefing from the parties and a telephonic hearing, the district court issued an order partially enforcing the subpoena. First, the district court ordered enforcement of the request for work history information for the six charging parties only. However, the court also ordered Technocrest to provide work history information in spreadsheet form for

all other employees in the same three categories of jobs as the six charging parties (hereinafter, "all employees"). Second, the district court ordered enforcement of the request for DOL and INS documents for only the six charging parties. Third, the district court similarly ordered enforcement of the subpoena with respect to its request for personnel files, again limiting the enforcement to the six charging parties. The district court stated in its order that the quashed requests were not relevant to the charges brought by the six charging parties.[1] After supplemental briefing, the district court reaffirmed its order enforcing in part and quashing in part the subpoena.

On appeal, Technocrest contends that the district court erred in enforcing the subpoena's demand for work history information for the six charging parties, work history information in spreadsheet form for all employees, and DOL and INS documents for the six charging parties. The EEOC cross-appeals the district court's order to the extent it quashed the request for DOL and INS documents and personnel files with respect to all employees.

## II.    DISCUSSION

We review the decision of the district court to enforce the EEOC's administrative subpoena for abuse of discretion. *EEOC v. Roadway Exp., Inc.*, 261 F.3d 634, 638 (6th Cir. 2001); *cf. Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005)

---

[1]The district court also found that Technocrest had "proffered sufficient evidence to demonstrate that compliance would be unduly burdensome." On appeal, Technocrest asserts that it had raised the issue of compliance being burdensome only with respect to the request for work history information. Because the EEOC does not appeal the district court's partial enforcement of the work history information request and Technocrest admits that producing DOL and INS documents for all employees would not be burdensome, we need not address the burden on Technocrest of responding to the subpoena.

(reviewing orders quashing a subpoena pursuant to Fed. R. Civ. P. 45 for abuse of discretion). We also apply an abuse of discretion standard in reviewing relevancy determinations. *Id.*

The EEOC is required to investigate a charge of discrimination to determine whether there is reasonable cause to believe that the employer engaged in an unlawful employment practice, 42 U.S.C. § 2000e-5(b), and may issue subpoenas in connection with its investigation, 42 U.S.C. § 2000e-9 (granting the EEOC the same investigative powers as those given to the National Labor Relations Board in 29 U.S.C. § 161). The EEOC is entitled to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is *relevant* to the charge under investigation." 42 U.S.C. § 2000e-8(a) (emphasis added). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the [EEOC] access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (stating that the information sought by an investigating agency must be "reasonably relevant"); *Emerson Elec. Co. v. Schlesinger*, 609 F.2d 898, 905 (8th Cir. 1979) ("In order to effectuate the purposes of the Civil Rights Act, . . . the statutory provisions authorizing EEOC investigations must be read to give the EEOC broad investigatory power."). If the EEOC shows that the investigation is for a legitimate purpose and the requested documents are relevant to the investigation, the EEOC is entitled to the documents subpoenaed unless the subpoenaed party "demonstrates that judicial enforcement of the subpoena would amount to an abuse of the court's process." *EEOC v. Peat, Marwick, Mitchell & Co.*, 775 F.2d 928, 930-31 (8th Cir. 1985).

Technocrest argues that work history information for the six charging parties and a spreadsheet containing work history information for all employees are irrelevant because all employees were not similarly situated, but rather were hired at

different times, worked in 65 locations for different supervisors and had varying wage arrangements. Technocrest opposes the request for DOL and INS documents for the six charging parties on the basis that immigration status and citizenship are irrelevant to national origin discrimination. Technocrest relies on *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 89 (1973), which held with respect to Title VII, "Congress did not intend the term 'national origin' to embrace citizenship requirements." However, the Supreme Court also recognized in *Espinoza* that in some instances "a citizenship requirement might be but one part of a wider scheme of unlawful national-origin discrimination" and that Title VII "prohibits discrimination on the basis of citizenship whenever it has the purpose or effect of discriminating on the basis of national origin." *Id.* at 92; *see also* 29 C.F.R. § 1606.5(a) ("In those circumstances, where citizenship requirements have the purpose or effect of discriminating against an individual on the basis of national origin, they are prohibited by Title VII.") (citing *Espinoza*, 414 U.S. at 92). Technocrest also asserts that the EEOC is acting in bad faith because the subpoena seeks documents related to citizenship and because Technocrest claims that the six charging parties cannot establish a prima facie case of national origin discrimination where all the technical employees of Technocrest are Filipino.

We find that the district court did not abuse its discretion by enforcing the request for work history information for the six charging parties, work history information in spreadsheet form for all employees, and DOL and INS documents for the six charging parties. These documents are not relevant solely to citizenship but "might cast light on the allegations" of national origin discrimination against the six charging parties and Technocrest's Filipino employees as a class. *Shell Oil*, 466 U.S. at 68-69. Moreover, Technocrest's argument that a prima facie case cannot be established is premature because proof of a prima facie case of discrimination in violation of Title VII is not a prerequisite to the EEOC's exercise of it subpoena power in the course of an otherwise legitimate investigation. *See Peat, Marwick,*

*Mitchell & Co.*, 775 F.2d at 930-31. Therefore, Technocrest has not established that the EEOC is acting in bad faith or that enforcing these portions of the subpoena would result in an abuse of the court's process.

The EEOC argues on cross-appeal that the district court erred in quashing the request for DOL and INS documents and personnel files with respect to all employees. The EEOC contends that if this information is relevant with respect to the six charging parties, it is equally relevant with respect to all employees because the charges allege illegal national origin discrimination against Filipino employees of Technocrest as a class. Furthermore, the EEOC claims that the information is relevant to the charges of individual discrimination because it may shed light on Technocrest's treatment of other Filipino employees in the same job categories as the six charging parties.

While the EEOC's access to evidence in furtherance of its duty to investigate a discrimination charge is not without limitation, a district court should enforce an administrative subpoena if the information sought is reasonably relevant to an authorized investigation. *See Morton Salt Co.*, 338 U.S. at 652; *see also Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982) ("The material sought by the subpoena was not plainly irrelevant to lawful purposes of the [agency] and it was the duty of the district court to order its production."); *EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir. 1977) ("[A] court faced with a demand for enforcement [of an administrative subpoena] is limited to determining whether the subpoenaed information is material and relevant to the investigation of a potential violation."). At the hearing, the district court indicated that the EEOC's requests were overreaching and that the court desired to reach a compromise. However, the district court did not explain in its order why the DOL and INS documents and personnel files with respect to all employees were irrelevant to the investigation of the charges. Because the six charging parties alleged not only individual discrimination but also discrimination against all Filipino

employees of Technocrest, we find that the DOL and INS documents for all employees and the personnel files for all employees are relevant to a determination of whether Technocrest illegally discriminated on the basis of national origin. Therefore, the district court abused its discretion in quashing the requests for DOL and INS documents and personnel files for all employees.

## III. CONCLUSION

For the reasons given above, we affirm in part and reverse in part the order of the district court and remand for the district court also to enforce the request for DOL and INS documents and personnel files with respect to all employees.

_____